## (October 6, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD T. ANDERSON, Appellant. — Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered May 25, 1982, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree. Defendant was charged with murder in the second degree and criminal possession of a weapon in the third degree stemming from an incident in which one Cruz was beaten to death with a baseball bat. Following a *Wade* hearing, defendant's motion to suppress certain identification testimony was denied. On January 26, 1982, pursuant to a negotiated plea bargain, defendant pleaded guilty to manslaughter in the first degree with an understanding that the sentence would not exceed a term of 10 to 20 years' imprisonment. It was further agreed that defendant would be allowed to present witnesses at a presentencing hearing scheduled for April 13, 1982. On that return date, the record shows that the District Attorney had yet to secure a certificate of conviction regarding defendant's status as a predicate felon. At the *initial*

request of *defense counsel,* the matter was adjourned *on the record* to May 25, 1982, without first conducting a presentence character hearing. On May 25, 1982, defendant's *pro se* motion to withdraw his plea of guilty was denied and he was sentenced, without having first presented any character witness, as a second felony offender to a term of 10 to 20 years' imprisonment. Defendant asserts that the trial court erred in refusing to vacate his plea. We disagree. As conceded in defendant's brief, the record of the plea proceedings confirms that defendant's plea was knowing and voluntary. Defendant not only openly conceded that he struck the victim twice with the baseball bat intending to inflict injury, but failed to protest his innocence in the application to withdraw his plea of guilty. Further, the record belies defendant's contention that his attorney failed to advise him concerning a possible justification defense and, in fact, shows that the possibility of defendant acting in self-defense was a significant factor resulting in the favorable plea bargain.[*] Under these circumstances, we cannot say that the trial court erred in refusing defendant's application (CPL 220.60, subd 3; *People v Kelsch,* 96 AD2d 677; *People v Jones,* 95 AD2d 869; *People v Egan,* 90 AD2d 909). Nor does the record indicate any violation of defendant's constitutional rights, or any basis for defendant's claim of ineffective assistance of counsel. Defendant further contends that the trial court erred in failing to provide him an opportunity to produce character witnesses prior to sentencing, as provided by the plea bargain. The record demonstrates that on April 13, 1982, the original sentence date, defendant had several witnesses available to testify. As previously noted, however, the matter was adjourned at the request of defense counsel and rescheduled for May 25, 1982, at which time the following colloquy took place: "The Court: All right. Mr. Anderson, is there anything you want to say or put on the record before I pass sentence on you? The Defendant: I thought that there were [*sic*] going to be a character — a hearing, a character hearing. What happened to that? The Court: Well, I haven't the slightest idea. That would be up to you folks to produce character witnesses if you wished to do so. I have seen nothing of that * * * no letters have come in, I have nothing on that other than, obviously, the presentence report which has been a rather extensive investigation about your background and character which is before me. Your record, your home life and things of that nature. It is all here in the presentence report." When asked if he had anything further to say, defendant did not respond. It is fundamental that when a plea rests in any significant degree on a promise or inducement as consideration for the plea, such promise must be fulfilled (*Santobello v New York,* 404 US 257; see, also, *People v Selikoff,* 35 NY2d 227, 241, cert den 419 US 1122). In the event of an unfulfilled promise, the remedy is either to enforce the promise or vacate the plea (*People v Frederick,* 45 NY2d 520). Here, defendant was promised an opportunity to conduct a presentence character hearing and, while the record confirms that no such hearing was conducted, the fact remains that defendant was afforded the opportunity to present character witnesses prior to sentencing but failed to do so. Nor did defendant submit a presentence written memorandum pursuant to CPL 390.40. Moreover, the trial court indicated that it had reviewed the "extensive" presentence report concerning defendant's background and imposed a sentence within the terms of the plea bargain. It is further clear that despite defendant's presentation of a *pro se* motion to withdraw his plea, counsel was present throughout the May 25, 1982 hearing. We cannot agree that defendant's plea was induced by an unfulfilled promise and find it unnecessary to vacate the sentence and remand for purposes of conducting a character hearing. Finally, with respect to defendant's contention at sentenc-

[*] Due to the plea bargain, the District Attorney elected not to press the issue that defendant apparently qualified as a persistent felony offender.

ing that his predicate felony conviction had been obtained in violation of his constitutional rights (see CPL 400.21), we note that his failure to raise this point in his brief essentially constitutes an abandonment of the issue (see *Matter of Smith,* 91 AD2d 789, 790; *Matter of Pessano,* 269 App Div 337, 341, affd 296 NY 564). Moreover, since defendant confirmed that the predicate conviction pertained to him and failed to make any specific objection concerning its constitutionality, we are not persuaded to review the matter in the interests of justice (CPL 470.15, subd 3, par [c]). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.