■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERARD T. BENSON, Respondent.—Appeal by the People from so much of an order of the County Court, Nassau County (Samenga, J.), dated May 25, 1984, as granted that branch of defendant's motion which was to suppress certain portions of his Grand Jury testimony.

Order reversed, insofar as appealed from, on the law and the facts, that branch of defendant's motion which sought suppression of certain portions of his Grand Jury testimony denied, and matter remitted to the County Court, Nassau County, for further proceedings on the indictment.

Defendant was charged with driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]). At approximately 10:10 P.M. on August 11, 1982, defendant was involved in an automobile accident in Baldwin. The responding officer, after investigating the accident scene and detecting the odor of alcohol emanating from defendant, placed him under arrest. After the arrest, the officer asked defendant how the accident happened and defendant answered that he might have "went through" the red light at the intersection where the accident occurred. The People concede that defendant had not been given *Miranda* warnings when he made the statement to the arresting officer, and that the County Court correctly suppressed that statement *(see, Berkemer v McCarty,* 468 US 420, 104 S Ct 3138).

Over six months after his arrest, defendant testified before the Grand Jury after voluntarily signing a waiver of immunity, and after conferring with his attorney. Defendant essentially repeated to the Grand Jury what he had told the arresting officer on the night of the accident, to wit, that he might have "went through" the red light at the intersection where the accident occurred. Defendant argued at the suppression hearing, *inter alia,* that this statement made before the Grand Jury should be suppressed as the "fruit of the poisonous tree" since he was impelled to give such testimony because of the illegally obtained statement at the accident scene. The County Court agreed, and suppressed that portion of the Grand Jury testimony.

On appeal, defendant chiefly relies on *Harrison v United States* (392 US 219) in support of his contention that his Grand Jury testimony was delivered under compulsion because his prior statement to the arresting officer was illegally obtained. We do not agree that *Harrison* should apply in the present case, and accordingly reverse the order, insofar as appealed from.

In *Harrison v United States (supra),* the defendant's conviction was reversed because certain confessions he made to the police were illegally obtained. At his trial, the defendant gave testimony at odds with his confessions only after the confessions were introduced into evidence. At the defendant's retrial, the prosecution introduced the testimony given by the defendant at his first trial, and defendant was convicted again. The Supreme Court reversed that conviction on the ground that the testimony was impelled by the introduction of the illegally obtained confessions.

*Harrison (supra)* does not apply at bar. Defendant voluntarily testified before the Grand Jury only after he signed a waiver of immunity which was fully explained to him, and after conferring with his attorney. Unlike *Harrison,* wherein the defendant did not testify until after illegally obtained confessions were introduced into evidence and where he gave testimony which differed with his confessions, the testimony at bar was not given at a trial and was similar to the original statement defendant made to the police. The testimony was delivered over six months after defendant made the original statement to the arresting officer on the night of the arrest. The question asked by the arresting officer was an isolated one and no coercion or compulsion was exercised in obtaining the initial statement. Under these circumstances, where the flagrancy of the illegal police activity is minimal and where intervening events, including the time that has passed between the initial statement and the Grand Jury testimony, have removed the taint of the initial illegality *(see, e.g., Oregon v Elstad,* 470 US —, 105 S Ct 1285; *People v Martinez,* 37 NY2d 662, 673 [Wachtler, J., concurring]), the extreme sanction of suppression of the Grand Jury testimony is not required.

The initial failure by the arresting officer to administer *Miranda* warnings to defendant does not preclude subsequent voluntarily made statements from being introduced into evidence at his trial. In *People v Evans* (58 NY2d 14), the Court of Appeals held that a negotiated plea of guilty constituted a sufficient intervening event to attenuate the taint of the initial illegal law enforcement activity. Similarly, under the facts and circumstances of this case, to wit, the time interval between the initial statement and the Grand Jury testimony, the voluntary nature of that testimony, and the relative innocuousness of the initial illegal police activity, there is sufficient evidence to establish that defendant's Grand Jury testimony was not tainted by the initial illegal police activity.

Accordingly, we reverse so much of the order which suppressed defendant's Grand Jury testimony regarding his alleged running of the red light at the intersection where the accident occurred. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.