■ POWERS CHEMCO, INC., Respondent-Appellant, v FEDERAL INSURANCE Co., Appellant-Respondent.—In an action for a judgment declaring that the defendant must indemnify the plaintiff for the costs of removing certain hazardous wastes, (1) the defendant appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered April 27, 1987, as denied, in part, its motion for summary judgment,

and (2) the plaintiff cross-appeals from so much of the same order as granted, in part, the defendant's motion for summary judgment, and limited the plaintiff's right of recovery to the cost of cleaning up contamination that occurred to ground water and the environment (exclusive of the plaintiff's own property) during the coverage period.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied, in part, the defendant's motion for summary judgment and substituting therefor a provision granting the defendant's motion in its entirety, declaring that the pollution exclusion provision contained in the insurance policies issued by the defendant precludes coverage for this loss, and otherwise dismissing the complaint; as so modified the order is affirmed, with costs to the defendant.

The plaintiff, a manufacturer of photographic supplies and equipment, purchased a parcel of land in Glen Cove, New York, on December 1, 1978 from Columbia Ribbon and Carbon Co., Inc. (hereinafter Columbia). While digging in a drainage basin in 1983, the plaintiff discovered hazardous material on its property which had been buried by Columbia in trenches and pits over a number of years. The plaintiff subsequently entered into an interim consent decree with the New York State Department of Environmental Conservation, pursuant to which it agreed to decontaminate the site. The plaintiff thereafter submitted a claim for indemnification for the cost of the decontamination to the defendant under the comprehensive general liability insurance policy that it had with the defendant since at least 1977. By letter dated February 22, 1985, the defendant rejected this claim on the basis that, *inter alia*, the pollution exclusion provision of the insurance policy applied, thus defeating coverage. The plaintiff then commenced this action for a judgment declaring that the policy issued by the defendant provided coverage for costs incurred in cleaning up the industrial waste discarded over a period of years by Columbia. Some time thereafter, the defendant moved for summary judgment. The court granted the motion only to the extent of limiting the plaintiff's right of recovery to the actual expenses incurred by the cleanup of contamination to the groundwater and to the environment, exclusive of costs incurred by it in remedying the contamination of its own property. We hereby modify by granting the defendant's motion in its entirety and dismissing the complaint.

The "pollution exclusion" provision of the subject insurance policy provides that the insured is not covered for: "bodily injury or property damage arising out of the discharge, disper-

sal, release or escape of smoke, vapors, soot, fumes, acid, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental". The plaintiff contends, and the Supreme Court agreed, that this exclusion does not apply at bar because it neither expected nor intended the resulting pollution. However, as this court recently held when faced with this precise provision, "[t]he relevant factor is not whether the policyholders anticipated or intended the resultant injury or damage, but whether the toxic material was discharged into the environment unexpectedly and unintentionally or knowingly and intentionally" *(Technicon Elecs. Corp. v American Home Assur. Co.,* 141 AD2d 124, 144).

The plaintiff in *Technicon (supra),* an owner and operator of a plant for the manufacture of machines to analyze blood samples, conceded that it had intentionally discharged toxic and industrial wastes over a period of years, but argued, as does the plaintiff here, that (1) since it did not intend to cause the resultant harm or damages, its discharge of wastes could be considered "accidental", and (2) the word "sudden" can be interpreted to mean unexpected, and therefore can be applied to the discharge of pollutants over a period of years. This court rejected those contentions, finding that the "pollution exclusion" clause at issue is unambiguous and applied only to an event "which is unexpected, unintended and occurs over a short period of time" *(Technicon Elecs. Corp. v American Home Assur. Co., supra,* at 137).

The plaintiff emphasizes the fact that the discharge of hazardous materials was performed by the former owner of the property without its knowledge or consent. Thus, it concludes that the rationale for the inclusion of a pollution exclusion clause in general liability policies, which is, in part "to deter deliberate pollution by withholding the shelter of liability insurance for injuries resulting from such conduct" *(Technicon Elecs. Corp. v American Home Assur. Co., supra,* at 143), would not be served by applying the exclusion to preclude coverage here. In support of this proposition, the plaintiff relies upon *Niagara County v Utica Mut. Ins. Co.* (80 AD2d 415, *lv dismissed* 54 NY2d 831) and *Autotronic Sys. v Aetna Life & Cas.* (89 AD2d 401), decided by the Appellate Division, Fourth Department and Third Department, respectively. The court in the *Niagara County* case, after stating the rationale behind the inclusion of the pollution exclusion clause in

commercial and industrial general liability policies, noted, *inter alia,* that "[t]he conclusion thus becomes compelling that the pollution exclusion clause, mandated by statute, was intended to apply only to actual polluters" *(Niagara County v Utica Mut. Ins. Co., supra,* at 418). In *Autotronic,* the court, relying upon this dicta, concluded that the pollution exclusion did not apply to the plaintiff who designed, manufactured, constructed and installed the gas station wherein the claimant was injured, since it was not involved in the commercial activity which caused the pollution. We decline to follow the holding in *Autotronic* and the dicta in *Niagara County.* The clear and unambiguous language of the pollution exclusion makes no exception for pollution caused by someone other than the insured where that pollution is not "sudden and accidental". To impose such an exception under the instant circumstances would be to "vary the contract of insurance to accomplish [this court's] notions of abstract justice or moral obligation" *(Breed v Insurance Co.,* 46 NY2d 351, 355), something which we may not do.

Thus, we conclude that the conduct for which the plaintiff seeks reimbursement falls within the pollution exclusion clause contained in the insurance policy under which it seeks to recover. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.