COLONIE MOTORS, INC., Appellant, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent.

Third Department, February 23, 1989

### APPEARANCES OF COUNSEL

*Cooper, Erving, Savage, Nolan & Heller (Mark E. Watkins* of counsel), for appellant.

*Horigan, Horigan, Pennock & Lombardo, P. C. (Thomas V. Blaber* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J. P.

Plaintiff seeks to recover, under a liability insurance policy issued to it by defendant, the costs incurred by plaintiff in the clean-up of waste oil which leaked out of a crack in the underground piping of a containment unit located on plaintiff's property into the soil and ground water of a neighbor's property. Defendant denied coverage, claiming that a pollution exclusion clause in plaintiff's policy excludes coverage for discharges of pollutants. The clause provides that defendant's policy does not apply to "[b]odily injury or property damage caused by the dumping, discharge or escape of irritants, pollutants or contaminants [but] [t]his exclusion does not apply if the discharge is sudden and accidental". Upon plaintiff's motion for summary judgment, Supreme Court concluded that there was no dispute that the discharge was accidental in that it was unexpected and unintended, but that a question of fact existed as to whether the discharge was also sudden "in the sense of quick, fast, abrupt, hasty and rapid".

On appeal, plaintiff points out that the pollution exclusion is a standard provision in general comprehensive liability policies* and, therefore, has been the subject of extensive judicial interpretation. Citing to some 18 Federal and sister State cases, plaintiff contends that the majority view rejects the notion that the use of the words "accidental" and "sudden" in conjunction means that "sudden" is intended in the sense of quick or abrupt, and holds instead that the language of the exclusion creates an ambiguity to be resolved in favor of the insured. Thus, according to plaintiff, the majority view construes the word "sudden" to mean unexpected, rather than instantaneous. Relying upon *Autotronic Sys. v Aetna Life & Cas.* (89 AD2d 401), *Niagara County v Utica Mut. Ins. Co.* (80 AD2d 415, *lv dismissed* 54 NY2d 608) and *Allstate Ins. Co. v Klock Oil Co.* (73 AD2d 486), plaintiff contends that this majority view is the law in New York. In neither of the first two cases, however, did the court construe the phrase "sudden and accidental". In *Autotronic Sys. v Aetna Life & Cas. (supra,* at 404), this court specifically avoided the issue. In *Allstate Ins. Co. v Klock Oil Co. (supra),* the Fourth Department did construe the phrase, stating that "the word 'sudden' as used

---

* The pollution exclusion was statutorily required in New York for a period of time *(see,* L 1971, ch 765), but the requirement was deleted in 1982 (L 1982, ch 856).

in liability insurance need not be limited to an instantaneous happening" *(supra,* at 488), and held that the negligent installation or maintenance of a gasoline storage tank could result in an accidental discharge or escape of gasoline which would be both "sudden and accidental", though undetected for a substantial period of time *(supra).* A recent decision by the Second Department, however, calls into question the validity of the reasoning of the *Allstate* case.

In *Technicon Elecs. Corp. v American Home Assur. Co.* (141 AD2d 124, 130), the Second Department rejected an insured's arguments that the pollution exclusion is ambiguous and that the word "sudden" can be interpreted to mean unexpected, explaining that: "A review of the most recent cases reveals * * * an emerging nationwide judicial consensus that the 'pollution exclusion' clause is unambiguous and that an insured who is accused of causing injury or property damage by the intentional discharge of pollutants over an extended period of time is bound by the terms of the exclusion and is not entitled to be defended or indemnified by its insurer" *(supra,* at 131). Although the court in the *Technicon* case recognized that resolution of the dispute over the meaning of the word "sudden" was not essential to its holding *(supra,* at 141), the court expressed its approval of recent cases which rejected an interpretation of "sudden" as limited to unintended or unexpected and construed the word as having temporal significance *(supra,* at 136-137, 140-141). A "sudden and accidental" event was defined by the Second Department as "one which is unexpected, unintended and occurs over a short period of time" *(supra,* at 137).

While we agree that the word "sudden" should be accorded some meaning other than that already encompassed by the word "accidental", we are of the view that the phrase "sudden and accidental" should be construed in its entirety, without undue reliance upon discrete definitions of the two operative words that make up the phrase. We are also of the view that in light of the many and varied potential fact patterns to which the exclusion might apply, the phrase "sudden and accidental" should not be construed in the abstract; rather, it should be construed in the context of the facts of each particular case.

Turning to the case at bar, we hold that the pollution exclusion is inapplicable to the undisputed facts herein. In contrast to the insured in the *Technicon* case *(supra),* plaintiff

herein did not intentionally discharge pollutants for several years which caused unintended and unexpected damage. Rather, plaintiff installed a containment unit for the purpose of preventing any damaging discharge of waste oil into the environment. One of the underground pipes in the unit cracked, resulting in the discharge of waste oil. There is nothing in the record to suggest that plaintiff was aware of either the crack or the discharge until waste oil was discovered in the ground water of adjacent property. Nor is there anything in the record to suggest that routine maintenance and/or inspection procedures would have revealed the defect in the containment system. In these circumstances, there can be little doubt that the initial discharge of waste oil was "sudden and accidental"; had the crack been located such that it was readily discoverable, so that the discharge was limited to a "short period of time", the pollution exclusion clearly would not have been applicable and there would have been coverage for the property damage caused by the discharge. The fact that the discharge was not readily discoverable and, thus, continued for a period of time, through no fault of the insured, should not move an otherwise covered occurrence within the rather shadowy perimeter of the exclusion. The tests to be applied in construing an insurance policy are common speech and the reasonable expectation and purpose of the ordinary business person *(Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398), and whenever an insurer wishes to exclude certain coverage from its policy obligations it must do so in clear and unmistakable language *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). Based upon these general principles, we conclude that the discharge at issue herein was "sudden and accidental" and, therefore, not within the pollution exclusion.

Defendant also contends that summary judgment was properly denied since there are questions of fact as to the reasonableness of the clean-up costs and whether other exclusions apply, but in our view partial summary judgment on the issue of the applicability of the pollution exclusion is appropriate.

MIKOLL, YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Order modified, on the law, with costs to plaintiff, by granting plaintiff partial summary judgment and declaring that the pollution exclusion in defendant's policy is not applicable, and, as so modified, affirmed.