■ STATE OF NEW YORK, Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent.—Harvey, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), in favor of defendant, entered October 24, 1988 in Albany County, upon a dismissal of the complaint at the close of all the evidence.

This action was brought by plaintiff pursuant to Navigation Law article 12 to recover the costs incurred in the cleanup of an area allegedly contaminated by the leakage of an underground gasoline storage tank owned by the insured, Augsbury Corporation, and located on property owned by Neil and Emily Leonard. During an investigation of a particular water supply, the storage tank was dug up and a very small leak was discovered. Defendant denied liability coverage for the loss, however, principally because of the pollution exclusion clause in Augsbury's policy stating that coverage does not apply to: "property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquid or gases, waste materials or other irritants, contaminates or pollutants into or upon land, the atmosphere or any water course or body of water; *but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental"* (emphasis supplied). Defendant then moved for an order dismissing the complaint as meritless on the ground that, *inter alia,* the long-term contamination at issue here could not be "sudden and accidental" within the meaning of the exclusion as a matter of law. Supreme Court denied this motion and the matter went

to trial. At the close of plaintiff's case, however, defendant again moved to dismiss and Supreme Court ultimately granted this motion on the ground that the discharge could not be "sudden" because it had occurred over many years. Plaintiff now appeals from the entire judgment and order.

Plaintiff argues that Supreme Court erred when it determined that the discharge of gasoline could not be "sudden" within the meaning of the pollution exclusion clause because the leakage had apparently continued for a number of years. In defending Supreme Court's determination, defendant points to the decisions of other courts which have concluded that a "sudden" discharge can only occur if it is " 'unexpected, unintended and occurs over a short period of time' " (Powers Chemco v Federal Ins. Co., 144 AD2d 445, 447, lv granted 74 NY2d 602, quoting Technicon Elecs. Corp. v American Home Assur. Co., 141 AD2d 124, 137, affd on other grounds 74 NY2d 66).

In a prior case most similar to the instant case, this court held that the phrase "sudden and accidental" in these policies "should be construed in its entirety, without undue reliance upon discrete definitions of the two operative words that make up the phrase" (Colonie Motors v Hartford Acc. & Indem. Co., 145 AD2d 180, 182), and the phrase should always be "construed in the context of the facts of each particular case" (supra, at 182; see, County of Broome v Aetna Cas. & Sur. Co., 146 AD2d 337, 341-342, lv denied 74 NY2d 614). Of significance to the issue at hand, this court has also stated that the fact that a discharge is not immediately discoverable and continues for a period of time "should not move an otherwise covered occurrence within the rather shadowy perimeter of the exclusion" (Colonie Motors v Hartford Acc. & Indem. Co., supra, at 183). It should be noted that defendant and amicus curiae Insurance Environmental Litigation Association vigorously argue that the Court of Appeals recent decision in Technicon Elecs. Corp. v American Home Assur. Co. (74 NY2d 66, supra) actually overrules this court's decision in Colonie Motors v Hartford Acc. & Indem. Co. (supra) because the court stated that the phrase "sudden and accidental" is unambiguous, which arguably contradicts the fact-based test enunciated by this court in Colonie Motors. It is our view, however, that the two cases are not incompatible. Notably, the Court of Appeals did not define the word "sudden" other than stating that it must be distinct from "accidental" and, in the absence of clearer direction from the Court of Appeals, we decline to abandon our reasoning in Colonie Motors.

There is no evidence in the record to suggest that either the Leonards or Augsbury were aware that gasoline was leaking from the gasoline tank until the second of two investigations by the Department of Transportation in August and September 1980 revealed contamination in the area from the gasoline. Accordingly, since defendant has not proven that the occurrence fits squarely within the exclusion, we hold that there must be a reversal and the matter remitted to Supreme Court for a new trial.

Order and judgment reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial. Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur.