OPINION OF THE COURT
Ira H. Wexner, J.
Omnibus motion of the defendant, by counsel, is determined as hereinafter provided.
MOTION TO DISMISS
Defendant, by counsel, moves to dismiss the indictment on *322 the grounds that statements of the defendant were used during the Grand Jury presentation in violation of a cooperation agreement previously agreed to by the parties. Defense counsel also seeks a pretrial hearing regarding which statements heard by the Grand Jury were allegedly improper and which statements heard by them should not be admissible at the time of trial. The People, by the Special Assistant Attorney-General, oppose the application and seek a denial of the motion.
This aspect of the litigation stems from an agreement dated October 16, 1990 and duly signed by the defendant, his attorney, the Special Assistant Attorney-General and the special investigator. A meeting took place among these parties on that date and the agreement stated that any statements made by the defendant will not be offered on the direct case of the People. The agreement also expressly states that the People reserve the right to use the defendant’s statements on cross-examination and on a rebuttal case, if required, and that the information derived from the agreement could be used directly or indirectly in finding leads or other evidence which could be used against the defendant.
There was no discussion in the agreement concerning the use or nonuse of the defendant’s statements before a Grand Jury. Nevertheless, defense counsel moves to dismiss the indictment on the grounds that the agreement reached by the parties was the equivalent of a grant of immunity, thus prohibiting all use of the statements before the Grand Jury. (United States v North, 920 F2d 940 [DC Cir 1990].)
In certain situations in criminal matters, contracts can be made and enforced and are even subject to the remedy of specific performance. (People v Gibbs, 161 AD2d 661 [2d Dept 1990]; People v Anderson, 97 AD2d 559 [3d Dept 1983].) Accordingly, such agreements are subject to the general principles of contract law and therefore the body of contract law should be consulted in reaching a determination in this area. (People v Anderson, 97 AD2d 559 [3d Dept 1983].)
In searching for the probable intent of the parties to a contract, the "fair and reasonable” meaning of the words incorporated into the agreement is the controlling aspect. (Sutton v East Riv. Sav. Bank, 55 NY2d 550 [1982]; Powers Chemco v Federal Ins. Co., 144 AD2d 445 [2d Dept 1988], affd 74 NY2d 910 [1989]; Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66 [1989].) It is well known to criminal *323 litigants and trial attorneys in general that the term "direct case” is a term used to describe the exhibits and testimony entered into evidence on behalf of the moving party during the course of a trial. (People v Harris, 25 NY2d 175 [1969].) The People’s direct case is used to "secure a conviction” at time of trial. (People v Kulis, 18 NY2d 318, 323 [1966].) This is considerably different from use of statements before a Grand Jury. Such use of statements for Grand Jury purposes is strictly to establish a prima facie case to obtain a superior court accusatory instrument, which in this case is an indictment. It is interesting to note that even statements which are subsequently suppressed may be used before a Grand Jury for indictment purposes. (People v Kersh, 135 AD2d 570 [2d Dept 1987]; People v Benson, 114 AD2d 506 [2d Dept 1985], lv denied 67 NY2d 649 [1986].) Therefore, it is clear that the use of statements on the People’s direct case at trial and the use of statements before a Grand Jury presentment are two completely different situations under the law, and each involves separate and distinct legal considerations.
Defense counsel argues that the written agreement was the equivalent of a grant of immunity, and as such these statements are prohibited from Grand Jury use. The court disagrees. The definition of "immunity” concerns a person who has been a witness in a legal proceeding and who cannot be convicted of any offense of which he gave evidence. (CPL 50.10 [1].) A "legal proceeding” essentially means a proceeding in or before any court or Grand Jury. (CPL 50.10 [2].) In the case at bar, no such testimony was provided before any court or proceeding. Instead, in the case at bar, there are merely some statements of the defendant which the People have agreed to be precluded on their direct case. Therefore, the court finds the defendant’s arguments to be without merit.
Based upon the agreement voluntarily entered into by the parties and the attorneys, the court finds no grounds to deny the People the opportunity to use the defendant’s statements during cross-examination or on a possible rebuttal case. (People v Harris, supra; People v Caban, 79 AD2d 1031 [2d Dept 1981].) Since counsel was present and there is no dispute that the statements were voluntarily made, there is no require *324 ment for a hearing on this matter. (People v Critzer, 97 AD2d 878 [3d Dept 1983]; People v Whitney, 167 AD2d 254 [1st Dept 1990]; CPL 710.60 [3].)
Accordingly, the defense counsel’s motion to dismiss and the motion for an evidentiary hearing are denied.
[Portions of opinion omitted for purposes of publication.]