PETR-ALL PETROLEUM CORPORATION, Appellant-Respondent, v FIREMAN'S INSURANCE COMPANY OF NEWARK, Respondent-Appellant, and AETNA CASUALTY & SURETY COMPANY, Respondent.

Fourth Department, February 5, 1993

*Hancock & Estabrook,* Syracuse *(Alan Pierce* of counsel), for appellant-respondent.

*Bower & Gardner,* New York City *(Sidney Rosen* of counsel), for respondent-appellant.

*Mackenzie, Smith, Lewis, Michell & Hughes,* Syracuse *(Stephen Helmer* of counsel), for respondent.

### OPINION OF THE COURT

BALIO, J.

In July of 1990, Peter and Margaret O'Neill commenced an action against Petr-All Petroleum Corporation (Petr-All) and Mobil Oil Corp., alleging that, during their operation of a gas station in the Village of Skaneateles from the early 1970's to the present date, defendants "negligently, and perhaps intentionally, disposed of[,] spilled, and caused to leak onto and into the ground, petroleum products, including gasoline"; that defendants' "subsurface tanks may have been defective, negligently placed, maintained or designed so as to cause them to leak"; that defendants "were negligent in not discovering, remedying and controlling the leakage of petroleum products"; and that the gasoline migrated onto or into their ground, rendering their home uninhabitable and forcing them to vacate their property. Defendants Aetna Casualty & Surety Company (Aetna), which insured Petr-All from August 1, 1980 through August 1, 1984, and Firemens (sued incorrectly as Fireman's) Insurance Company of Newark, New Jersey (Firemens), which insured Petr-All from August 1, 1985 through August 1, 1990, refused to provide a defense to the O'Neill action, and Petr-All commenced the instant action for a

judgment declaring that defendants were obligated to defend and indemnify it.

## I

■ Supreme Court erred by considering facts extrinsic to the complaint and by concluding that, based upon those facts, the events alleged in the complaint did not occur within the time period that Aetna provided coverage.

It is now settled law that an insurer may not use an unartfully pleaded complaint as a shield to liability and that the court, in deciding whether an insurer has a duty to defend, may consider extrinsic facts submitted by the insured to show that coverage under a policy may exist *(see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61). On the other hand, the insurer cannot use extrinsic facts to show that there is no coverage. The insurer "has a duty to defend its insured * * * even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered" *(Fitzpatrick v American Honda Motor Co., supra,* at 63; *see also, State of New York v AMRO Realty Corp.,* 936 F2d 1420, 1426-1427; *Avondale Indus. v Travelers Indem. Co.,* 887 F2d 1200, *cert denied* 496 US 906).

The papers submitted on the various motions for summary judgment reveal facts extrinsic to the complaint, specifically, that contamination of the O'Neill property was first discovered in March of 1990 and that, upon investigation and excavation of its underground gasoline storage tanks, Petr-All discovered a leak in the gasoline pipes between the tank and a pump dispenser. The papers also indicate that the cause of that leak may have been an incident that occurred in July of 1989 when a customer drove away from the dispenser without removing the nozzle from her vehicle.

The O'Neill complaint, however, does not allege that gasoline leaked as the result of a specific identified occurrence or that the leak occurred at a particular time. Because the allegations of the O'Neill complaint do not allege the occurrence of an event outside the time period that Aetna provided coverage, it was error to deny Petr-All a defense upon that ground.

## II

The comprehensive general liability portion of Aetna's policy contains the following exclusion: "This insurance does not

apply * * * to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental". Aetna contends that, because the O'Neill complaint alleges that gasoline leaked over a lengthy period of time, the "discharge, dispersal, release or escape" cannot be considered "sudden and accidental". We disagree.

The O'Neill complaint does not allege specifically that the leak resulted from a repeated or continuous business operation *(cf., Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66; *Powers Chemco v Federal Ins. Co.,* 74 NY2d 910). Instead, the O'Neill complaint can be interpreted to allege an accidental and unexpected leak from a subsurface pipe or tank that continued undetected for a period of time, an event both sudden and accidental within the meaning of Aetna's policy *(see, State of New York v Aetna Cas. & Sur. Co.,* 155 AD2d 740; *Colonie Motors v Hartford Acc. & Indem. Co.,* 145 AD2d 180; *Allstate Ins. Co. v Klock Oil Co.,* 73 AD2d 486). Indeed, Aetna, by relying upon the specific event occurring in July of 1989 as a basis for dismissal, implicitly conceded that the complaint may be so interpreted. Under the circumstances, Petr-All was entitled to partial summary judgment declaring that Aetna had a duty to defend Petr-All on the O'Neill complaint, and Supreme Court should have denied Aetna's motion for summary judgment.

### III

Firemens, in seeking to avoid the obligation to provide a defense under its policy, had the burden to establish that an exclusion eliminated coverage under that policy *(see, Allstate Ins. Co. v Zuk,* 78 NY2d 41). Firemens did establish that the subject gas station was not a location covered under the comprehensive general liability portion of the policy and that the "garage liability" portion of the policy provided the sole basis for coverage in this case.

For the first year that Firemens provided coverage (August 1, 1985 to August 1, 1986), the garage liability portion of the policy contained the same "sudden and accidental" pollution exclusion that appeared in Aetna's policy. When the policy

was renewed for the year commencing August 1, 1986, however, an endorsement containing an "absolute" pollution exclusion was added to that portion. Although Firemens established that an absolute pollution exclusion was part of the policy for the year commencing August 1, 1986, it failed to establish that an endorsement setting forth an absolute pollution exclusion to garage liability was part of the policy for the years commencing on August 1, 1988 and August 1, 1989. No endorsement setting forth an absolute pollution exclusion was listed on the garage liability declarations page for those years, and the policy for those years, as submitted by Firemens in support of its motion, contains no such endorsement. Firemens' attorney lacked first-hand knowledge of the fact that Endorsement A547 should have been appended to each policy and his conclusory statement to that effect should have been disregarded (see, Zuckerman v City of New York, 49 NY2d 557, 563).

Absent an endorsement containing an absolute pollution exclusion for the years commencing August 1, 1988 and August 1, 1989, the operative provision of the garage liability portion of the policy is the "sudden and accidental" pollution exclusion. Because the complaint can be interpreted to allege a "sudden and accidental" discharge, dispersal, release or escape of petroleum, Supreme Court should have granted Petr-All's motion for partial summary judgment declaring that Firemens had a duty to defend.

## IV

■ Supreme Court also erred in concluding that the absolute pollution exclusion set forth in Endorsement CBP 5335-1 was not properly made part of Firemens' policy issued for the year beginning August 1, 1987.

In 1986, a new section 3426 was added to the Insurance Law, effective June 28, 1986, governing commercial, professional and public entity liability policies in effect on that date (L 1986, ch 220, § 31). Subdivision (e) (1) of that section, in effect, precludes an insurer from changing the terms, conditions or rates of an existing policy upon renewal unless, not less than 60 and not more than 120 days before expiration of the existing policy, the insurer provides the insured with written notice indicating its intention to condition renewal upon a change or reduction in coverage or the addition of an exclusion. Subdivision (l) (now subd [o]), however, provides

that such written notice requirement shall not apply to a policy that will expire within 60 days of the effective date of the statute. That subdivision further provides that "in the event any such policy is at any time reexecuted, renewed, altered, modified or amended, such provisions [including the written notice requirement] shall apply to such policy."

Because the absolute pollution exclusion was added to the garage liability portion of the policy by Endorsement CBP 5335-1 when the policy was renewed on August 1, 1986, Firemens was not required to give written notice that the 1986 renewal was conditioned upon the addition of that exclusion (Insurance Law § 3426 [o]). That same endorsement was appended to the policy when it was renewed for the year commencing on August 1, 1987. Thus, renewal of the policy in 1987 was not conditioned upon a change in coverage relating to the pollution exclusion, and no written notice was required for the 1987 renewal (see, Insurance Law § 3426 [e] [1] [B]).

Accordingly, the order should be modified by denying Aetna's motion for summary judgment; by declaring that the absolute pollution exclusion was properly made part of Firemens' policy for the year commencing August 1, 1987 and that the garage liability portion of Firemens' policy, as renewed for the years commencing on August 1, 1988 and 1989, did not include an absolute pollution exclusion endorsement; and by granting Petr-All's motion for partial summary judgment declaring that Aetna and Firemens have the duty to defend Petr-All on the O'Neill complaint.

CALLAHAN, J. P., GREEN, FALLON and DOERR, JJ., concur.

Order and judgment unanimously modified, on the law, and as modified, affirmed, without costs, and judgment granted in accordance with the opinion by BALIO, J.