■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CHEA and CHI CHIU LUK, Appellants.—Appeals by defendants from two judgments of the Supreme Court, Kings County (one as to each of them), (1) the first, rendered September 26, 1975, convicting defendant Luk of manslaughter in the first degree, on his plea of guilty, and imposing sentence, and (2) the second, rendered January 23, 1976, convicting defendant Chea of murder, on his plea of guilty, and imposing sentence. The appeals bring up for review separate decisions of the same court, each of which denied, after a hearing, defendants' separate motions to withdraw their pleas of guilty. Case remitted to Criminal Term for a *de novo* hearing and determination on defendants' applications to withdraw their respective pleas of guilty and appeals held in abeyance in the interim. The hearing shall be conducted by a Justice other than the one who presided at the sentencing of these defendants. The defendants were indicted for the crime of murder. After a jury had been impaneled and sworn and opening statements made, the defendant Chea pleaded guilty to the crime of murder and his codefendant, Luk, pleaded guilty to the crime of manslaughter in the first degree. This took place on June 24, 1975. Before Chea's plea was accepted, the court stated to him, in the presence of defendant Luk: "Now, I tell you now that if I decide to accept your plea and the district attorney approves that plea, I will not allow you to withdraw the plea at any future time. The only right you will have, you will have a right to make an application to withdraw the plea, but I am telling you in advance that I will not grant such an application, but I will, as the law says, afford you a hearing based on what happens today, and you can be sure of one thing, that by the time I get through I am going to be satisfied that you are the man that committed this crime to which you are offering to plead, because if I am not satisfied, I will not accept your plea." After making that statement the court questioned Chea and thereafter accepted his plea of guilty. The court, after questioning the defendant Luk, also accepted his plea of guilty. Sometime thereafter defendants separately applied to withdraw their pleas of guilty and, pursuant to the court's promise, a hearing was afforded to each of them. Immediately upon the completion of the testimony, the respective applications were denied, also in accordance with the court's promise. In view of the court's statement which, in effect, was that no matter what a hearing revealed any motions to withdraw the pleas of guilty would be denied, we are of the opinion that the court should have disqualified itself and directed that the hearing be held before another Justice. While, generally speaking, we are loath to permit pleas of guilty to be withdrawn when entered after the commencement of a trial, the defendants are nevertheless entitled to a hearing before a Justice who can impartially pass upon any questions of credibility which may arise and who has not, before the hearing, indicated what his determination would be. Under the circumstances, the appeals of the defendants are held in abeyance and their applications for permission to withdraw their pleas of guilty are remanded to be heard at the Criminal Term before a Justice other than the one who sentenced them and who shall report to this court his findings and determination upon the testimony there adduced. At the hearing the District Attorney should, by proof and not merely by oral statements, indicate any possible prejudice to the State

by loss of witnesses or otherwise. He should also produce, as witnesses, the then attorneys for the defendants in connection with the testimony of the defendants as to the circumstances under which their pleas were taken, what the attorneys told them with regard thereto, and any other material facts and circumstances which may develop by reason of the defendants' testimony. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.