■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CHEA and CHI CHIU LUK, Appellants.—Appeals by defendants from two judgments of the Supreme Court, Kings County (one as to each of them), (1) the first, rendered September 26, 1975, convicting defendant Luk of manslaughter in the first degree, on his plea of guilty, and imposing sentence, and (2) the second, rendered January 23, 1976, convicting defendant Chea of murder, on his plea of guilty, and imposing sentence. By order dated December 27, 1976, this court remitted the case to Criminal Term for a *de novo* hearing and determination on defendants' applications to withdraw their respective pleas of guilty, the hearing to be conducted by a Justice other than the one who presided at the sentencing of these defendants, and directed that the appeals be held in abeyance in the interim *(People v Chea, 55 AD2d 681).* Criminal Term has complied and rendered a decision denying

the applications. Judgments reversed, on the law, and as a matter of discretion in the interest of justice, applications granted, pleas vacated, and case remitted to Criminal Term for further proceedings in accordance herewith. Under the peculiar facts and circumstances of this case, the defendants should have been permitted to withdraw their pleas of guilty (see *People v Serrano,* 15 NY2d 304). In addition, we note that at the *de novo* hearing the District Attorney failed to establish that the People's case would be prejudiced by the loss of witnesses or otherwise. Moreover, we disagree with Criminal Term's assertion that the granting of the defendants' applications would "encourage ploys"; in our opinion the applications were made in good faith. Since it is the function of the Trial Judge to determine whether a motion to withdraw a plea is brought in good faith, the likelihood of ploys succeeding is minimal. Margett, J. P., Rabin, Shapiro and Suozzi, JJ., concur.