■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN DD., Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered July 23, 1979, adjudicating defendant a youthful offender. Defendant, at the age of 17, was charged in an indictment with the crimes of burglary in the third degree and petit larceny. On June 12, 1979, defendant entered a plea of guilty of the crime of burglary in the third degree in full satisfaction of the indictment. On July 23, 1979, the date for sentencing, defendant sought leave to withdraw his plea of guilty and have a new attorney appointed, stating that he did not feel his attorney was defending him in a proper way and he would like to take his case to trial.

His request was denied and, as previously agreed upon, he was granted youthful offender status and sentenced to a term of imprisonment of from 0 to 3 years. The record reveals that at the time defendant entered his plea of guilty he answered affirmatively when asked if he was pleading of his own free will, if he wanted to plead guilty to the crime of burglary in the third degree, if he realized he was subjecting himself to a possible term of imprisonment and if he committed the acts constituting proof of the crime charged in the indictment to which he was pleading guilty. Whether or not to grant permission to withdraw a previously entered plea rests in the sound discretion of the court (CPL 220.60, subd 3). Defendant contends that the court should have granted his request or at the very least conducted a hearing into the matter. The Court of Appeals, however, has stated in *People v Tinsley* (35 NY2d 926, 927) that "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice." A plea of guilty may only be withdrawn when there is some evidence or claim of innocence, fraud or mistake in inducing the plea *(People v Cooke,* 61 AD2d 1060), none of which were claimed by the defendant in the present case. Upon further inquiry by the court, the defendant was unable to state any other reason why he wanted to withdraw his plea. In the opinion of this court, there was no abuse of discretion by the County Court and, therefore, the judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.