■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MANGINI, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered September 6, 1978, convicting defendant upon his plea of guilty of the crime of assault in the second degree. One indictment charged defendant with assault in the first degree. A second charged him with two counts of attempted robbery. The events underlying both indictments occurred at the same location, on the same date, some 15 minutes apart. On July 25, 1978, defendant withdrew his previous not guilty pleas and pleaded guilty to assault in the second degree, in full satisfaction of both indictments. Early on in the sentencing proceedings, held on September 6, 1978, defendant sought to withdraw his plea, insisting he did not commit the crime and declaring that he desired to see what he would get out of a trial. The court, after making inquiry of defendant and his counsel as to the reasons for defendant's request, denied it and imposed the previously bargained for sentence of zero to seven years imprisonment. Defendant maintains that his

assertion of innocence and the possibility that defenses such as self-defense and intoxication may be available to him requires that withdrawal of his plea be granted. Alternatively, he contends that a hearing to determine the merits of his application should have been conducted. When defendant entered his guilty plea, he stated he did so freely and voluntarily and after consulting with his attorney. While his codefendant voiced concern over the maximum sentence to be imposed and what prison he would be sent to, there is nothing in the plea proceedings to suggest that defendant did not fully understand the consequences of his plea. It also appears he was kept fully apprised of the details of the plea bargaining negotiations by his attorney, and it is not charged that the latter furnished other than adequate representation. Faced with an unequivocal plea of guilty, defendant's written statement made the day of the crime detailing his participation in the assault, and his counsel's comment, made during the sentencing, that defendant had the "weakest defense that I have run across in this case", defendant's unsupported assertion that he "didn't do it" did not make withdrawal of his guilty plea necessary *(People v Cooke,* 61 AD2d 1060). It not having been shown that defendant's plea was baseless and there being nothing in his demeanor prior to sentencing to alert the court to the need to do otherwise, its limited interrogation of the defendant when he sought to withdraw his plea sufficed *(People v Frederick,* 45 NY2d 520, 524-525). During those proceedings defendant and his counsel were afforded ample opportunity to address the court respecting defendant's contention *(People v Tinsley,* 35 NY2d 926). Accordingly, we are unwilling, on the facts of this case, to say that the court, as a matter of law, abused its discretion in failing to hold a more comprehensive hearing, and we conclude the court properly accepted defendant's guilty plea. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.