■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BROCKWAY, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 2, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the first degree. Defendant was indicted for the crimes of burglary in the first degree and robbery in the first degree. Initially, he entered a plea of not guilty. Thereafter, on the eve of the trial, he withdrew the not guilty plea and pursuant to a plea bargaining arrangement pleaded guilty to burglary in the first degree in full satisfaction of the indictment. Following his guilty plea, defendant discharged his then attorney and retained another. Defendant then moved to withdraw his guilty plea and for recusal of the Presiding Judge. The court denied the motion and

application in all respects and sentenced defendant to an indeterminate term of 4 to 12 years. This appeal ensued. Defendant contends that the court erred in refusing to permit him to withdraw his guilty plea and in denying the motion for recusal. We disagree and are to affirm. The record reveals that defendant was advised that a plea of guilty was the same as conviction following a jury trial; that he understood the plea bargaining arrangement and received the sentence bargained for; that he discussed the plea with his attorney; and that he admitted the necessary elements of the crime. The decision of whether or not to grant a motion to withdraw a previously entered plea rests in the sound discretion of the court (CPL 220.60, subd 3; *People v Bryan DD.,* 76 AD2d 963). We are of the view that defendant and his counsel were afforded ample opportunity to present their contentions and the court did not abuse its discretion in failing to hold an evidentiary hearing (*People v Tinsley,* 35 NY2d 926). In our opinion, the court properly denied defendant's request to withdraw the guilty plea (*People v Francis,* 38 NY2d 150, 155, 156). In arguing that the motion for recusal should have been granted, defendant relies upon *People v Chea* (55 AD2d 681). That case is clearly distinguishable from the present one in that in *Chea* the Judge concededly stated prior to the motion to withdraw the plea that he would deny the motion. In this case, there is no such statement by the Judge on the record and the Judge stated while hearing the motion for recusal that he advised defendant's attorney that he could make a motion to withdraw the plea and the Judge would hear it. We find no abuse of discretion under the present circumstances by the court in denying the motion for recusal. Consequently, the judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.