■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EAGAN, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered October 28, 1981, convicting defendant upon his plea of guilty of the crime of assault in the second degree. Defendant was indicted for two counts of rape in the first degree, one count of assault in the second degree, and three counts of endangering the welfare of a minor. After jury selection had been completed, defendant pleaded guilty to the charge of assault in the second degree in full satisfaction of the charges against him. Following a full inquiry by County Court, the plea was accepted and sentencing adjourned. At sentencing, defendant made a request to withdraw his plea. The court, after making inquiry of defendant and his counsel as to the reasons for defendant's request, denied it and imposed the previously bargained-for sentence of one to three years' imprisonment. Defendant maintains that he was "stampeded" into pleading guilty, that he did not understand what he was doing when he pleaded guilty, and that he is actually not guilty. Accordingly, defendant urges that his request to withdraw his plea was improperly denied. Alternatively, defendant contends that a hearing to determine the merits of his request should have been conducted. The record, however, reveals that when defendant entered his guilty plea, he stated that he did so voluntarily. Further, the record of the plea proceedings indicates that defendant was fully apprised of the consequences of his plea, was extensively questioned by the court and, during the proceedings, fully detailed his commission of the crime. Moreover, there is nothing in the plea proceedings to suggest that defendant did not fully understand the consequences of his plea. This being the case, the granting of defendant's request to withdraw his guilty plea was not necessary (*People v Mangini*, 82 AD2d 940; *People v Bryan DD.*, 76 AD2d 963). In addition, upon the facts of this case, we are unable to conclude that the court, as a matter of law, abused its discretion in failing to hold a full evidentiary hearing (*People v Tinsely*, 35 NY2d 926; *People v Mangini, supra*). We have reviewed defendant's remaining contentions and find them to be without merit. The judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.