■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. JONES, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered April 14, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. Defendant was charged in an indictment with the crimes of burglary in the third degree and attempted grand larceny in the second degree. Defendant, represented by assigned counsel Carmody, entered a plea of guilty of the crime of burglary in the third degree in full satisfaction of the indictment. Pursuant to the negotiated plea bargain, the sentence was to be two to four years' imprisonment, the minimum available to him as a second felony offender (Penal Law, § 70.06, subds 3, 4), to run consecutive to an undischarged sentence imposed on a prior felony conviction (see Penal Law, § 70.25, subd 2-a). Because the prior conviction was on appeal, defendant reserved the right to reargue at a later date in the event that conviction was overturned. At sentencing on January 21, 1981, defendant sought leave to withdraw his plea of guilty, stating that his attorney had forced him to plead guilty and had failed to provide effective assistance, specifically contending that counsel had misled him concerning the consecu-

tive nature of the sentence. Additionally, defendant submitted a *pro se* application pursuant to CPL 440.10 challenging Carmody's representation on the prior conviction. On January 29, 1981, Carmody was relieved and a new counsel, Hart, was assigned. On April 14, 1981, the withdrawal request was denied, as was Hart's request for an adjournment to review Carmody's file, and, as previously agreed upon, defendant was sentenced to an indeterminate term of imprisonment of two to four years to run consecutive to the previous undischarged sentence. On this appeal, defendant avers that the court abused its discretion in refusing to vacate the plea. We disagree. The record reveals that at the time of the plea, defendant was advised the plea of guilty was the same as conviction following a jury trial; that he had discussed the matter with his attorney and was acting voluntarily; that he freely admitted engaging in the criminal transaction covered by the first count of the indictment; that he understood the plea bargain agreement and proposed sentence; and, that while defendant reserved the right to reargue in the event his prior conviction was overturned on appeal, it was made eminently clear that the present sentence would be consecutive, absent any such change in circumstances. There is nothing in the record to suggest that defendant did not understand the consequences of his plea, or the terms of the bargain. It is further noteworthy that his withdrawal request was not supported by any claim of innocence. These circumstances prevailing, the court was not obligated to grant defendant's request to withdraw his plea (CPL 220.60, subd 3; *People v Eagan,* 90 AD2d 909; *People v Brockway,* 88 AD2d 1039). Moreover, we cannot conclude that the court abused its discretion as a matter of law in failing to hold a full evidentiary hearing (*People v Tinsley,* 35 NY2d 926; *People v Bryan DD.,* 76 AD2d 963). Finally, since the sentence imposed was the minimum authorized by statute, defendant's claim that the sentence was harsh and excessive is without merit. Judgment affirmed. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.