■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. ZUK, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 8, 1986, convicting defendant upon his plea of guilty of the crime of manslaughter in the second degree.

On February 20, 1986, defendant was charged in a one-count indictment with the crime of manslaughter in the

second degree arising out of the shooting death of Michael Smith on November 2, 1985. Defendant entered a plea of not guilty and pretrial motions were argued and decided by May 29, 1986. Plea negotiations were held on July 2, 1986 with defendant's counsel, County Court and an Assistant District Attorney, resulting in a negotiated plea of guilty to the crime charged. Defendant's counsel stated he had fully reviewed the case with defendant at the time the plea was entered.

Subsequently, defendant changed attorneys and moved to withdraw his plea of guilty to reckless manslaughter and to substitute a plea to criminally negligent homicide in its stead. Defendant's motion papers alleged that he was not advised the matter was scheduled for a plea on July 2, 1986, that he was misinformed by his attorney as to the probable sentence to be imposed on him, that he was unaware of the legal differences between "criminally negligent homicide" and "manslaughter in the second degree", and that he was not guilty of the latter. On October 8, 1986, County Court heard extensive argument from the attorneys for the parties with respect to the contentions raised on the withdrawal motion. The court denied the motion and sentenced defendant to the term announced in the plea negotiations, 1 to 3 years' imprisonment. This appeal ensued.

Defendant's first contention on this appeal, that County Court did not make sufficient inquiry to establish that defendant acted recklessly to warrant the court's acceptance of his plea to manslaughter in the second degree, is without merit. At the plea proceeding, defendant admitted that he recklessly caused Smith's death by shooting him with a shotgun, thus establishing that defendant committed the crime charged. In response to further questioning, defendant related that he had been arguing with his girlfriend, that he told her to stop and leave him alone. He went upstairs but she continued yelling and screaming. He then went to the bedroom and put some shotgun shells in a gun. Defendant stated that he just wanted to scare her, "and then I was holding the gun with my one hand and Michael was sitting across from me talking. When he came up from—the gun went off, I didn't pull the trigger." A projectile struck Smith in the thigh, causing Smith to bleed to death. Thus, one can conclude that defendant acted recklessly—that he was aware of and disregarded a substantial and unjustifiable risk of serious injury to Smith (see, Penal Law § 15.05 [3]; *People v McGowen*, 42 NY2d 905).

Defendant's next contention, that County Court improperly denied his application to withdraw his plea of guilty prior to

sentence, is also without merit. An application to withdraw a prior guilty plea is addressed to the sound discretion of the trial court, and, absent abuse, that court's determination should not be disturbed (see, CPL 220.60 [3]; *People v Brockway*, 88 AD2d 1039, 1040). Defendant here does not recant the facts admitted in his prior allocution. He now places a different interpretation on the inferences to be drawn from those facts. Defendant offered to substitute a plea of guilty to criminally negligent homicide in place of the crime charged. In short, defendant attempted to renegotiate his earlier plea down to a lesser crime based upon a reinterpretation of the same facts. These grounds and the other grounds asserted by defendant are insufficient to warrant withdrawal of defendant's plea. The record reveals that the plea was voluntarily and knowingly entered with full knowledge of its consequences and of the sentence that would be imposed. Defendant was represented by counsel and admittedly had reviewed the case with him before entry of the plea. Moreover, defendant offers no evidence that he was misinformed, other than by his own conclusionary self-serving assertions. Thus, it is clear that County Court did not abuse its discretion in denying defendant's motion to withdraw his plea (see, *People v Morris*, 107 AD2d 973, 974; *People v Kelsch*, 96 AD2d 677, 679; *People v Eagan*, 90 AD2d 909).

Finally, defendant's argument that County Court abused its discretion in failing to conduct a full evidentiary hearing on his application to withdraw his plea must be rejected. The record establishes that County Court afforded defendant a full and complete opportunity to propound and substantiate his claims. It is only in the rare instance that an evidentiary hearing is warranted; ordinarily a limited inquiry by the court is sufficient, provided defendant is afforded an opportunity to assert his position (see, *People v Frederick*, 45 NY2d 520, 524-525; *People v Tinsley*, 35 NY2d 926, 927). Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.