■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CROSKERY, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: The trial court did not err in denying defendant's application to withdraw his plea of guilty prior to sentence. The application is addressed to the sound discretion of the court and should not be disturbed absent an abuse of discretion (CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520; *People v Zuk,* 130 AD2d 886, *lv denied* 70 NY2d 659). Here, defense counsel informed the court that defendant wished to withdraw his plea because defendant "now believes that, should this matter proceed to trial, [an] acquittal would be likely." Counsel expressed his own view that an acquittal

"would not be likely" and that the plea and sentence commitment were in defendant's "best interest". He then indicated that defendant "probably wants to say something to the Court" about withdrawing his plea of guilty. Defendant, however, declined the opportunity to present his contentions, stating: "No, I don't have anything to say."

"There exists no hard-and-fast rule which prescribes the nature and extent of the fact-finding procedures prerequisite to the disposition of motions to withdraw a plea of guilty previously entered. *(People v Tinsley,* 35 NY2d 926, 927.) Rather, the Judge hearing the motion must exercise his discretion in affording defendant a reasonable opportunity to advance his claims from which an informed and prudent determination can be rendered" *(People v Frederick, supra,* at 524-525). There is no question here that defendant and his counsel were granted a "reasonable opportunity" to present defendant's contentions, but neither advanced a basis for withdrawal of the previously entered plea. Moreover, no claim is presented that the plea entered is improvident or baseless, and the plea colloquy is sufficient, clear and unequivocal. Accordingly, the court acted within its discretion in denying the application to withdraw the plea. (Appeal from judgment of Erie County Court, Wolfgang, J.—attempted burglary, third degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.