■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. MURPHY, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 10, 1987, which revoked defendant's probation and imposed a sentence of imprisonment.

In August 1985, defendant was convicted of driving while intoxicated as a felony and was sentenced, inter alia, to a five-year period of probation. Among the specific conditions of probation were that defendant not commit any additional crime, offense or violation and that he not operate a motor vehicle or apply for a driver's license. In February 1987, Probation Officer William J. Owen, Jr., filed a declaration of delinquency alleging that defendant violated the conditions of probation by operating a motor vehicle and by committing the additional offenses of operating a motor vehicles while his driver's license was revoked and with switched license plates.

Defendant was initially brought before County Court on February 11, 1987, but was then under the influence of drugs to the extent that the proceedings had to be adjourned to February 13, 1987. On that occasion, defendant appeared with his attorney and, in exchange for a commitment that he would receive a one-year jail sentence, admitted that he had

driven a motor vehicle while his driver's license was revoked and in violation of a condition of his probation. He denied the allegation that he had driven with switched plates. Defendant was released on his own recognizance pending sentencing with the admonition that he would be sentenced to a State correctional facility if he got into further trouble prior to sentencing. Defendant was in fact arrested for aggravated unlicensed operation of a motor vehicle and forgery of a prescription form between the time of entry of his guilty plea and sentencing. He did not deny his guilt of these further charges.

On the adjourned sentencing date, defendant's attorney requested that defendant be permitted to withdraw his guilty plea upon the ground that it arose from a conversation between Owen and defendant, that Owen harbored "apathy" towards defendant, that the plea was obtained in exchange for a promise that "things would go easy" for defendant and that defendant would be better served by a program of alcohol and drug rehabilitation. The request was summarily denied and defendant was sentenced to an indeterminate term of imprisonment of 1 to 3 years. This appeal ensued.

We affirm. The contention that County Court abused its discretion in refusing to permit defendant to withdraw his guilty plea is unsupported by the record. The transcript of the plea proceedings reveals that defendant's plea was knowingly and voluntarily made, that he did operate a motor vehicle during the period of his probation and while his license was revoked, that he was, accordingly, guilty of violating the terms of his probation and that he was made fully aware of the consequences of his plea (see, People v Morris, 107 AD2d 973). There is no question that defendant was aware prior to entry of his plea that he would be sentenced to a term of imprisonment of not less than one year, and the sentence which was imposed is precisely that promised by County Court if defendant was involved in further probation violations prior to sentencing. Clearly, a plea bargain which attaches specific conditions and provides for an enhanced penalty in the event of their violation is enforceable (see, People v McDaniels, 111 AD2d 876, 877; People v Chevalier, 92 AD2d 944; cf., People v Sumner, 137 AD2d 891).

The application to withdraw a guilty plea is properly denied where, as here, the plea was accepted after the court fully apprised defendant of its consequences, ascertained that defendant was guilty as charged and confirmed that he entered his plea voluntarily (see, People v Harris, 103 AD2d 891). No further evidentiary hearing was necessary since defendant

and his counsel were given ample opportunity to express their views on this matter by County Court, which properly determined their arguments to be without merit *(see, supra)*. That the probation officer harbored apathy or even enmity toward defendant is irrelevant, as is defendant's wholly unsubstantiated and self-serving contention that he would be benefited by a rehabilitation program. A claim of duress is "entitled more often than not to short shrift when supported only by the convicted defendant's say-so" *(People v Flowers,* 30 NY2d 315, 317). This is particularly so where, as here, defendant is unable to articulate the manner in which he is claimed to have been coerced.

Defendant's remaining contentions are either unpreserved for review or lack merit.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.