■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE FLORIAN, Appellant.—Appeal by the defendant from two judgments of the County Court, Rockland County (Nelson, J.), both rendered September 17, 1985, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, under indictment No. 85-91, and conspiracy in the second degree, under indictment No. 85-162, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

During the course of a pretrial hearing, the defendant pleaded guilty to all the charges contained in the two indictments. As part of the plea agreements, the defendant, a second felony offender, was promised, in relevant part, that the court would impose concurrent minimum terms of imprisonment. Thereafter, the defendant sought to withdraw his pleas and his attorney requested leave to withdraw from the case in light of the defendant's request. The court denied both applications. Thereafter, the court imposed the promised sentences.

The defendant claims on appeal that he was denied the effective assistance of counsel. He fails to refer to any specific instances of inadequate representation, except for his guilty pleas, which he now alleges were ill-advised. A review of the proceedings indicates that the defense attorney provided a

vigorous defense, which included making several pretrial applications and raising various objections during the pretrial hearing. To the extent that the defendant has hinted at improprieties in the securing of his guilty pleas, these allegations concern matters dehors the record. Viewing the totality of the circumstances herein, we find that the defense counsel provided the defendant with meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

We find no merit to the defendant's remaining contention. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.