■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ADAMS, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Sullivan County (Williams, J.), rendered January 26, 1988, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

On March 11, 1987, defendant was indicted for two counts of criminal sale of a controlled substance in the third degree. On June 17, 1987, defendant was charged in another indictment with criminal possession of a controlled substance in the third degree, resisting arrest and unlawful possession of marihuana, all allegedly committed at the time of his arrest on the first set of charges. County Court assigned the same counsel to represent defendant on each indictment.

On December 8, 1987, defendant appeared before Supreme Court Justice Robert C. Williams, acting as Sullivan County Judge, and, in response to the court's inquiry, indicated that he had a sufficient opportunity to discuss the significance of the plea proceedings with his assigned counsel. Thereupon, the District Attorney recited into the record the plea arrangement that had been agreed upon among the District Attorney, defendant and his counsel. Defendant agreed that terms of the

agreement were satisfactory and entered guilty pleas to the first count of each indictment in full satisfaction of all charges.

On January 25, 1988, when the parties again appeared before Justice Williams for sentencing, defendant's attorney advised the court that defendant wished to withdraw his guilty plea. After counsel presented the court with eight handwritten yellow pages wherein defendant somewhat incoherently tried to explain his misunderstanding of the process that resulted in the indictments against him, Justice Williams remanded defendant until the following day so that he could read the allocution minutes made at the time of the plea. On January 26, 1988 the court reporter read the minutes into the record. They revealed that the District Attorney was willing to accept a plea of guilty to the first count of each indictment in full satisfaction of both instruments in exchange for a recommended prison sentence of 2 to 6 years on each count, to run concurrently, and that defendant and his counsel agreed to accept the recommendation. The court, after reciting into the record that it found no evidence that would cause it to believe that defendant was threatened or coerced into pleading guilty, imposed the agreed-upon sentence. Defendant appeals claiming that his request to withdraw his guilty plea should have been granted in light of his repeated complaints to Sullivan County Judge Eugene M. Hanofee about his assigned counsel's lack of attention to his case.

Defendant's reliance on *People v McKennion* (27 NY2d 671) to support his contention that his motion to withdraw his guilty plea should have been granted is misplaced. Here, Justice Williams afforded defendant a reasonable opportunity to advance his claims and, after weighing the same, made an informed and prudent determination that the motion should be denied *(see, People v Frederick,* 45 NY2d 520, 525-526). Defendant was not entitled to an evidentiary hearing to determine whether his plea of guilty was induced by his attorney's failure to adequately inform him of the reasons that a guilty plea was in his best interest. The court meticulously interrogated the District Attorney, defense counsel and defendant during the reading of the plea allocution minutes and was satisfied that defendant fully understood the consequences of his guilty plea *(see, People v Harris,* 61 NY2d 9, 17; *People v Frederick, supra; People v Murphy,* 142 AD2d 776).

Finally, while assigned counsel was somewhat remiss in the frequency of his visits to defendant while he was incarcerated, given the favorable sentences he negotiated on defendant's

behalf in exchange for guilty pleas to very serious crimes, we cannot conclude on this record that counsel was guilty of ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 147).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.