■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. LYNCH, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 11, 1986, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant pleaded guilty to one count of rape in the first degree in full satisfaction of all charges pending against him in accordance with the provisions of a plea-bargain arrangement. Following extensive questioning by County Court, the plea was accepted. At sentencing, defendant made application to withdraw his plea. After inquiring as to the reasons for defendant's request, County Court adjourned the proceedings for one week to enable defendant to consult with his attorney and prepare a written motion. On the adjourned date, in the absence of a written motion and after further inquiry, County Court denied defendant's motion. Defendant was sentenced to an indeterminate prison term of 7 to 21 years. This appeal followed.

Initially, defendant's contention that County Court erred in denying his application to withdraw his plea is not persuasive. Clearly, it is within the discretion of the trial court to allow a defendant to withdraw his guilty plea (CPL 220.60 [3]; *People v Jackson,* 130 AD2d 810, 811). Here, the record of the plea proceedings confirms that defendant was fully apprised of his

rights and the consequences of his guilty plea, that he acknowledged to the court that he was pleading guilty of his own free will, and that he detailed his commission of the crime without apparent hesitation and without protestations of innocence. Under these circumstances, defendant's belated and conclusory claims of innocence, without basis in the record, presented County Court with an issue of credibility which it could properly resolve against him (see, People v Dixon, 29 NY2d 55; People v Fridell, 93 AD2d 866; People v Eagan, 90 AD2d 909). Thus, we cannot say that County Court abused its discretion in denying defendant's application (see, People v Jones, 95 AD2d 869, 870).

Next, we reject the contention that defendant was denied the effective assistance of counsel. It has recently been noted that "when a defendant receives an advantageous plea and the record does not cast doubt on the apparent effectiveness of counsel, defendant is deemed to have been furnished meaningful representation" (People v Mayes, 133 AD2d 905, 906; see, People v Kalakowski, 120 AD2d 763, 764, lv denied 68 NY2d 669). The record here and the favorable plea negotiation, significantly reducing defendant's exposure, demonstrate that defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 147). Moreover, defendant expressed satisfaction with his attorney during the course of the plea allocution. Neither do we assign error to counsel's failure to participate in the application to withdraw defendant's guilty plea, because the record reveals that defendant was hostile and uncooperative (People v Kelsch, 96 AD2d 677, 678-679). In any event, defendant was given adequate opportunity to present his contentions to County Court (supra, at 679). Finally, we note that County Court imposed a sentence within the scope of the plea bargain and we have not been made aware of any extraordinary circumstances such as to warrant a modification in the sentence (see, People v Harris, 57 AD2d 663).

Judgment affirmed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.