■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG BOURDONNAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 3, 1989, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress eavesdropping evidence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to counsel when a witness, a police officer who had encountered the defendant just a few nights earlier, made an identification of the defendant at a lineup. However, the uncontradicted testimony showed that defense counsel was present during the setting up and viewing of the lineup. Moreover, it was also uncontradicted that counsel failed to register any objections or to offer any suggestions as to the manner in which the lineup was conducted, despite having been repeatedly asked by the police if he had any comments. Under such circumstances, the hearing court did not err in denying the motion to suppress the lineup identification on these grounds (see, *People v Lopez,* 123 AD2d 360; *see also, People v Foulks,* 143 AD2d 1038; *People v Kreutz,* 110 AD2d 912; *cf., People v Drummond,* 134 AD2d 276).

The defendant also contends that the court erred in summarily denying that branch of the pretrial motion which sought to suppress the tape recording of a telephone call made by a third person to the defendant. However, it is well established, both under New York and Federal law, that eavesdropping evidence obtained without a warrant is admissible where one of the parties to the telephone conversation has consented to the eavesdropping (see, *People v Lasher,* 58 NY2d 962; *People v McGee,* 49 NY2d 48; *People v Tabora,* 139 AD2d 540; *United States v Bonanno,* 487 F2d 654). Here, the defendant failed to present any factual matter which would tend to support his claim that the caller's consent had been coerced. The letter from the caller relied upon by the defendant contains no reference to the telephone conversation and can-

not be read or interpreted as implying that the caller was coerced into consenting to the taping of the phone call. Accordingly, the court properly denied that portion of the defendant's motion which was to suppress the eavesdropping evidence without holding a hearing (see, CPL 710.60 [1], [3] [b]; 710.20 [2], [3]).

Furthermore, the sentencing court did not err in denying the defendant's *pro se* motion to withdraw his guilty plea. "In the absence of anything in the record to suggest that the defendant's plea was either improvident or baseless", a subsequent bare assertion of innocence or that the defendant was ill-advised will be insufficient to warrant withdrawal of the plea *(People v Suba,* 130 AD2d 526, 527; *People v Florian,* 145 AD2d 645), especially where, as here, the court had the defendant's written request before it and provided the defendant with an opportunity to state his reasons for the request. "If defendant was dissatisfied with the terms of the proffered pleas his remedy was to refrain from pleading guilty" *(People v De Simone,* 112 AD2d 443, 444).

The defendant's claim, first raised on appeal, that his guilty plea was induced by the court conducting a voir dire of potential jurors in his absence is not properly before us. "Having failed to move to withdraw his plea on that basis, the defendant waived his right to review thereof" *(People v Williams,* 156 AD2d 497). Moreover, to the extent that the defendant's claim is based upon facts which are dehors the record, his proper remedy is to move to vacate the judgment under CPL 440.10 *(see, People v Ortiz,* 143 AD2d 150).

Under the circumstances of this case, where the record clearly indicates no basis for allowing the withdrawal of the plea, or even holding a hearing thereon, defense counsel's failure to join in the defendant's *pro se* motion to withdraw his plea did not constitute ineffective assistance of counsel *(see, People v Glasper,* 151 AD2d 692; *People v Doherty,* 134 AD2d 513; *see also, People v Lynch,* 156 AD2d 884; *People v Croskery,* 139 AD2d 970; *cf., People v Santana,* 156 AD2d 736).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.