■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. OLIVER, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered May 10, 1988, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant was charged with sexual abuse of an eight-year-old girl while baby-sitting the victim and her younger brother. After arrest he made an oral and written statement to police, confessing to the crime as well as to several other similar acts of sexual contact with an even younger girl. Pursuant to a negotiated plea arrangement, defendant pleaded guilty to sexual abuse in the first degree in full satisfaction of the indictment, all crimes referred to in his confession and two separate petit larceny charges pending in two local courts. At sentencing, defendant's oral motion to withdraw his guilty plea was denied by County Court and the agreed-upon prison sentence of 2 to 6 years was imposed.

Defendant contends that he was denied effective representation by legal counsel because, unbeknownst to him, his attorney anticipated his appointment as an Assistant District Attorney prior to sentencing. Defendant mistakenly argues that his attorney would be appointed as an Assistant District Attorney. In fact, the position was not that of a prosecutor, but rather that of Assistant County Attorney, quite distinct from the situation found in *People v Shinkle* (51 NY2d 417) relied upon by defendant. Here, there was no significant possibility of any potential conflict *(see, People v Jackson,* 60 NY2d 848). The record fails to suggest inadequacy in the defense provided and, under the circumstances, counsel negotiated a very favorable disposition. Similarly, substituted counsel was fully familiar with defendant's situation from substantial correspondence and discussions with defendant prior to the motion to withdraw the guilty plea and prior to sentencing. In the totality of the circumstances, the record reveals that defendant received meaningful representation meeting all constitutional standards *(see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Sullivan,* 153 AD2d 223).

Defendant's remaining contention is that County Court improperly denied his request to withdraw the guilty plea. The court provided defendant with ample opportunity to disclose the details underlying his statement that he was coerced into making a confession by third persons who visited

him at the jail and coerced him into pleading guilty. In opposition, the prosecution demonstrated that the confession included the details of the crimes which were not otherwise provided to him. Thereafter, in response to specific inquiries by the court concerning the plea and the request to withdraw, defendant declined further elaboration and asked that sentencing proceed. Under the circumstances, the denial of the withdrawal motion was within the sound discretion of County Court (see, People v Dixon, 29 NY2d 55, 57; see also, People v Nixon, 21 NY2d 338, 355, cert denied sub nom. Robinson v New York, 393 US 1067; People v Kelsch, 96 AD2d 677).

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.