■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRAUN, Appellant.—Judgment of the Supreme Court, New York County (Richard Failla, J.), rendered April 11, 1988, convicting defendant, upon his plea of guilty, of escape in the second degree and sentencing defendant, as a predicate felony offender, to 1½ to 3 years, unanimously affirmed. Order of the same court entered December 27, 1988, denying defendant's motion to set aside the verdict pursuant to CPL 440.10, unanimously affirmed.

Defendant was arrested and charged with burglary and robbery arising out of a dispute at a Manhattan apartment. After his arrest, defendant complained of illness, and was transported to a hospital, where he escaped. Defendant was apprehended a few blocks away, but resisted rearrest forcefully. At the plea proceeding, pursuant to a negotiated plea, defendant allocuted to waiver of *Boykin* rights, and made a factual allocution with respect to the charges against him. Defendant did not at that time raise any complaint concerning the quality of his representation, or the accuracy and truthfulness of his factual allocution. At the sentencing proceeding, defendant requested an adjournment which was denied, and then claimed that counsel had not been cooperative,

and had insulted and intimidated him at the plea proceeding. Defendant made a bare allegation of his innocence of escape in the second degree. The court deemed defendant's *pro se* application to constitute an application to withdraw his plea, and summarily denied it.

We cannot say that the court abused its discretion. Defendant offered only bare allegations of innocence, coercion and ineffective representation which would not require granting his motion to withdraw the guilty plea *(see, People v Billingsley,* 54 NY2d 960). Under the totality of these circumstances, this is not the "rare instance" in which a defendant will be "entitled to an evidentiary hearing" and the limited interrogation by the court was sufficient *(People v Tinsley,* 35 NY2d 926, 927). The court noted on the record that it had been familiar with the proceedings from the beginning, had observed counsel explaining the proceedings to defendant in minute detail, repeatedly, and that there existed no basis in the record to support defendant's allegations. Defendant cannot now complain that counsel failed to achieve accommodations from another court with respect to running that time concurrent to the present sentence.

Finally, for these same reasons, defendant's appeal from denial of his motion to vacate the judgment pursuant to CPL 440.10, on the alleged basis of ineffective assistance of counsel, is meritless. We note the presumptive regularity of a judgment and defendant's burden of coming forward with allegations which create an issue of fact *(People v Session,* 34 NY2d 254). It is well settled that the nature and extent of any fact-finding procedures relative to disposition of such motions rest largely in the discretion of the motion court *(People v Tinsley, supra),* which will be disturbed only upon a finding that the court abused its discretion *(People v Friedgood,* 58 NY2d 467). Defendant has not met his burden. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.