■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY BRAY, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered October 3, 1989, convicting defendant upon his plea of guilty of three counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for three counts of criminal sale of a controlled substance in the third degree, arising out of separate sales of cocaine to an undercover police officer. Defendant made pretrial motions for various relief, hearings were conducted and the matter proceeded to trial. After the prosecution presented its case and defendant testified on his own behalf, a plea bargain was reached whereby defendant entered a plea of guilty to each count of the indictment with the understanding that the sentences to be imposed would not exceed an aggregate prison term of 5 to 15 years. At the time

fixed for sentencing, defendant's attorney made an oral motion to withdraw defendant's guilty plea upon the grounds that defendant was not satisfied with the legal representation he received, that defendant entered the plea "against his own judgment", and that defendant felt threatened or coerced into pleading guilty because of "possible perjury charges which may have been brought" against him. County Court denied the motion and proceeded to sentence defendant in accordance with the plea bargain to concurrent prison terms of 5 to 15 years. Defendant appeals, contending only that County Court erred in denying the motion to withdraw his plea of guilty without conducting a "limited interrogation" to determine the basis for the motion.

We affirm. Contrary to defendant's assertion, the Trial Judge, after ascertaining the prosecution's position on defendant's motion and then stating his own views on the matter, did give defendant an adequate opportunity to speak on his own behalf (see, People v Tinsley, 35 NY2d 926, 927). Defendant declined to make a statement at that time (see, People v Oliver, 163 AD2d 686), did not raise the claim of ineffective counsel in a posttrial application (see, People v Ramos, 63 NY2d 640, 643; cf., People v Braun, 167 AD2d 164; People v Jones, 95 AD2d 869, 870), and even now gives no indication of the manner in which his legal representation is claimed to have been deficient. Moreover, based upon his participation in the pretrial motions, hearings and the trial of the indictment, as well as the lengthy plea proceeding, the Trial Judge could make his own assessment of the competence of defendant's attorney (see, People v Braun, supra) and the voluntariness of defendant's guilty plea (see, People v Adams, 151 AD2d 921, 922; see also, People v Ramos, supra, at 642-643; People v Jones, supra). Finally, based upon our own review of the record, we are in accord with County Court's determination that defendant was afforded meaningful representation and that his plea was voluntarily entered, particularly in view of the evidence of guilt adduced at trial and the fact that defendant has made no protestation of innocence (see, People v Lynch, 156 AD2d 884, 885, lv denied 75 NY2d 921; People v Jones, supra; cf., People v McKennion, 27 NY2d 671, 672-673).

Judgment affirmed. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.