■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN JIMENEZ, Appellant.—Mercure, J.

Defendant was indicted for, *inter alia*, the class A-I felony of criminal possession of a controlled substance in the first degree *(see,* Penal Law § 220.21 [1]). On the day set for trial, defendant entered a plea of guilty to a reduced charge of criminal possession of a controlled substance in the second degree in accordance with a plea bargain which also provided for sentence, as a second felony offender, to an indeterminate prison term of 12½ years to life. Following entry of the plea, defendant made a *pro se* motion for the appointment of substitute counsel and to withdraw his plea of guilty. In accordance with defendant's request, County Court appointed the Public Defender to represent him and adjourned the matter for one week. On the adjourned date, after hearing argument on the motion, County Court denied defendant's request to withdraw his plea. Defendant was sentenced in accordance with the plea bargain and this appeal followed.

There should be an affirmance. Initially, we reject the argument that County Court abused its discretion in denying defendant's motion to withdraw his plea of guilty. Our review of the record discloses no factual support for the contention that defendant's plea was not voluntary and knowing. At the time of the plea, County Court conducted a searching inquiry and confirmed defendant's knowledge of the various rights that he was waiving in connection with his plea of guilty. Further, defendant acknowledged that the matter had been extensively discussed with his attorney and indicated that he was accepting the negotiated plea to avoid the possibility of a much greater sentence if he were found guilty after trial. Significantly, defendant was exposed to a possible sentence of 25 years to life *(see,* Penal Law § 70.00 [2] [a]; [3] [a] [i]). Although defendant did exhibit some reluctance in entering his guilty plea, a fair reading of the plea allocution indicates no evidence of threats or coercion but, rather, defendant's mere unhappiness with the harsh realities of his situation.

Defendant's acknowledgment that over two ounces of cocaine had been knowingly secreted in his car provided a factual predicate for his plea, and he did not profess his innocence at the time of his application in County Court or on appeal to this court (see, People v Bray, 170 AD2d 722, 723; People v Cance, 155 AD2d 764, 764-765).

We also reject the contention that County Court should have granted the application, made only one month prior to trial, for substitute counsel. A change of counsel at that stage would have had the inevitable effect of delaying the trial, and our review of the record shows no basis for defendant's dissatisfaction with his attorney (see, People v Arroyave, 49 NY2d 264, 271-272; People v Nicholls, 157 AD2d 1004, 1005; People v Berard, 112 AD2d 470, 471). To the contrary, defendant's attorney sought and obtained discovery, moved to dismiss the indictment on the basis of the Grand Jury proceedings and on speedy trial grounds, and moved to suppress the evidence obtained as the result of a search of defendant's automobile. We also note that, although defendant had previously filed a complaint regarding his attorney's failure to attend certain scheduled proceedings, the attorney's absence had been adequately explained to County Court and defendant expressed no dissatisfaction with his representation at the time of the plea.

Weiss, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.