■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v JAMES D. SALSMAN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered February 1, 1991, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant negotiated a plea bargain which permitted him to plead guilty to a charge of burglary in the second degree, stemming from an indictment which charged him with burglary in the first degree, kidnapping in the second degree and reckless endangerment in the first degree. The incident underlying the indictment occurred when defendant entered the home of his former girlfriend through a window, armed with a .22-caliber rifle, grabbed her by the hair after threatening to kill her, and dragged her out into the street and then back up onto the porch of her home, at which time the police arrived and disarmed him. Following the plea, defendant sent a letter to County Court claiming his innocence and requesting permission to withdraw his plea of guilty. County Court treated the letter as a formal request under CPL 220.60. After receiving testimony and memoranda of law, the court denied defendant's application and sentenced him to 5 to 15 years in prison.

Defendant claims that he was deprived of the effective assistance of counsel because the Public Defender who represented him had represented the victim of his crime in her divorce proceeding 10 years prior to defendant's case. The attorney testified that he had forgotten that he represented the victim in her divorce proceeding, that such representation had no effect whatever on his representation of defendant, and that he had not represented the victim since the divorce and had no business pending with her at the time he was representing defendant.

We find no conflict of interest which deprived defendant of the effective assistance of counsel. At the time of defendant's plea, neither the prosecution nor the defense was aware of the prior representation of the victim by defense counsel. Defendant has not demonstrated a significant possibility of a conflict of interest and, having failed to do so, is not entitled to a reversal of his conviction (see, People v Perez, 70 NY2d 773; People v Lombardo, 61 NY2d 97, 102-103; People v Oliver, 163 AD2d 686, lv denied 77 NY2d 880). Nor has defendant shown that any potential conflict bore a "substantial relation" to the conduct of the defense (cf., People v Ortiz, 76 NY2d 652, 657-658).

Furthermore, we find no abuse of discretion in County Court's refusal to allow defendant to withdraw his guilty plea. The plea record shows defendant's guilt of the crime and his full awareness of the implication and likelihood of a prison sentence. Therefore, defendant's claim that he was innocent of the crime is untenable (see, People v Silipo, 59 AD2d 807) and unsubstantiated (see, People v Stubbs, 92 AD2d 923). Defendant's further claim that his plea was coerced by his attorney's representation that if he stood trial he would receive long-term consecutive sentences is likewise meritless. This claim was fully refuted by the testimony of this attorney (see, People v Jones, 95 AD2d 869; see also, People v Henderson, 130 AD2d 789). Defendant's own admissions support a burglary conviction and the plea bargain to a lesser degree of burglary than that with which defendant was charged was beneficial to him.

Lastly, we find no abuse of County Court's discretion in the sentence that was imposed, considering the circumstances of the crimes. The judgment of conviction should be affirmed in its entirety.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.