■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN E. MORRIS, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 11, 1991, convicting defendant upon his plea of guilty of the crime of attempted grand larceny in the second degree.

Defendant was under indictment for attempted grand larceny in the second degree, attempted coercion in the first degree and unlawful imprisonment in the second degree. On August 23, 1991, pursuant to a negotiated bargain, defendant pleaded guilty to the first count in full satisfaction of the indictment. The plea bargain guaranteed a 2- to 4-year prison sentence concurrent with the unexpired term of the sentence on an earlier felony conviction from which he was on parole. The plea was an *Alford/Serrano* plea *(see, North Carolina v Alford,* 400 US 25; *People v Serrano,* 15 NY2d 304, 310).

Prior to making the plea, defendant and his attorney discussed the strength of the evidence against him, the likelihood of conviction and probability of a harsh sentence. In the plea allocution under oath, defendant stated the aforesaid reasons for his decision to accept the plea bargain. His reasoning was confirmed by his attorney's statement.

By motion returnable at his sentencing defendant sought to withdraw his plea and proceed to trial, contending that he pleaded guilty due to personal pressures involving an illness of a newborn daughter whom he had never seen because of his incarceration. He argued that the plea bargain included a release on his own recognizance between the date of the plea and the date of sentence, which enabled him to be with his hospitalized daughter, and that he would not have agreed to anything absent that freedom. After reviewing the extensive plea allocation and questioning both defendant and his attorney pertaining to their pre-plea discussions, County Court denied defendant's motion. Defendant has appealed. We affirm.

The record fails to support defendant's argument that personal pressures and anxiety associated with the infant's illness overcame his will and rendered his plea defective. An application to withdraw a prior guilty plea is addressed to the sound discretion of the trial court and, absent abuse, not found here, the determination of that court should not be disturbed (CPL 220.60 [3]; *see, People v Zuk,* 130 AD2d 886, 888, *lv denied* 70 NY2d 659; *People v Brockway,* 88 AD2d 1039, 1040). Nor do we find any abuse of discretion in County Court's failure to hold an evidentiary hearing *(see, People v Frederick,* 45 NY2d 520, 524-525; *People v Tinsley,* 35 NY2d 926, 927). On the return date of his motion, defendant was given ample opportunity to propound and substantiate his position. His moving papers contain neither a detailed description of the entire situation, any independent substantiation of his position, nor a showing of a need for a hearing in which to make such showing. In the absence of proof of fraud, undue influence or mistake, the judgment of conviction should be affirmed.

Mikoll, Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.