■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE RICHARDSON, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered July 9, 1991, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant pleaded guilty to a superior court information charging her with criminal possession of a controlled substance in the fourth degree. The plea bargain included an agreed-upon sentence and was made in full satisfaction of other criminal charges pending against her. At sentencing defendant sought to withdraw her plea, contending that she misunderstood the significance of a Grand Jury proceeding and that she was innocent. County Court denied the application. Defendant appeals her conviction.

We reject defendant's contention that her application to withdraw her plea was improvidently denied. Prior to sentencing defendant retained new counsel. Upon the original sentencing date new counsel orally sought to withdraw defendant's plea upon the ground of ineffective assistance of counsel. Sentencing was adjourned one week to provide defendant with the opportunity to order a transcription of the plea minutes. Upon the rescheduled sentencing date, defense counsel orally renewed defendant's motion.

There is no suggestion in the record that defendant was not given an adequate opportunity to present her contentions. Quite the contrary to her generalized protestation of innocence at sentencing, prior to her guilty plea defendant extensively and specifically stated the circumstances of the crime. She pleaded guilty only after consultation with her attorney and after detailed explanation and inquiry by County Court concerning her rights and the crime. Nothing therein inti-

mates that defendant's guilty plea was improvident or baseless. Only in the rare instance, not present in the instant case, will a defendant be entitled to an evidentiary hearing *(People v Frederick,* 45 NY2d 520, 525). Under the circumstances here, we cannot say that County Court abused its discretion in denying defendant's application *(People v Lynch,* 156 AD2d 884, *lv denied* 75 NY2d 921).

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.