■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. ARTIS, Appellant. [605 NYS2d 545] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered July 21, 1992, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.

We reject the contention that defendant's plea of guilty should be vacated because it was not knowingly and voluntarily entered and, accordingly, affirm the judgment of conviction. On the day scheduled for trial, with a panel of prospective jurors present and ready for jury selection, defendant

entered a counseled plea of guilty to criminal sale of a controlled substance in the fourth degree in full satisfaction of an indictment charging him with criminal sale of a controlled substance in the third degree and criminally possessing a hypodermic instrument. Pursuant to *North Carolina v Alford* (400 US 25) and *People v Serrano* (15 NY2d 304), in order to avoid the risk of conviction after trial and the greater sentence that could be expected as a result, defendant entered the plea despite his protestation of innocence and with the express understanding that he would be sentenced to a prison term of 3 to 6 years, the sentence actually imposed.

We are not persuaded that defendant's statements of dissatisfaction with his assigned counsel, apparently the third to represent him, or the People's assertion that, with time served, defendant was already eligible for parole rendered the plea involuntary or unknowing. Although the People agreed that they would not oppose parole, no representation was made that defendant would be immediately released. In fact, County Court specifically instructed defendant that his eligibility for parole did not necessarily mean that the Parole Board would release him. Finally, County Court was not required to accede to defendant's last-minute insistence that he would proceed to trial only with assigned counsel from outside Sullivan County *(see, People v Jimenez,* 179 AD2d 840, 841, *lv denied* 79 NY2d 949; *People v Bray,* 170 AD2d 722, 723).

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.