■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMAD A. MATIN, Appellant. [725 NYS2d 420] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 10, 2000, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Upon defendant's appearance for what the prosecutor believed was a negotiated plea to a superior court information charging grand larceny in the fourth degree, defendant orally moved for release pursuant to CPL 190.80. When County Court indicated that the prosecution would be given time to present the matter to the Grand Jury, defendant requested and was granted a short adjournment to consult with counsel. He thereafter waived indictment and entered a plea of guilty to the information. Pursuant to the plea agreement, defendant was released pending sentencing. Prior to sentencing, he moved to withdraw his plea and, after assigning new counsel, County

Court provided defendant with ample opportunity to present the basis for his motion, including testimony from his former counsel. The court denied the motion and sentenced defendant in accordance with the plea bargain. Defendant now appeals, claiming that the court erred in denying his motion to withdraw the plea.

It is well settled that whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court (*see, People v Hunter*, 246 AD2d 913; *People v Ross*, 182 AD2d 1022, *lv dismissed* 80 NY2d 934). The record fails to support defendant's claim that personal pressure to obtain temporary release prior to sentencing overcame his will and rendered his plea defective (*see, People v Morris*, 185 AD2d 488). Although the record confirms defendant's desire to obtain the temporary release, there is no support for his claimed belief that, when he appeared for sentencing, he could take back his plea and go to trial. County Court fully informed defendant of the rights he would be waiving by pleading guilty, including the right to a trial, and defendant acknowledged that he understood the effect of his plea and that he was not coerced or pressured in any way. In addition, defendant was not new to the criminal justice system; he has a lengthy criminal history and substantial experience with the criminal courts. In light of these factors and defendant's unequivocal admission of the allegations of the information at the time of his plea, there is no basis to disturb County Court's discretion in denying defendant's motion to withdraw the plea.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.