■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. AUSLANDER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Sullivan County (Williams, J.), rendered March 8, 1988, convicting defendant upon his plea of guilty of two counts of the crime of criminal possession of a controlled substance in the third degree.

Defendant pleaded guilty to two counts of third degree criminal possession of a controlled substance (cocaine), a class B felony, pursuant to a negotiated plea agreement. The plea was taken in full satisfaction of charges brought and which

could be brought against defendant stemming from a narcotics trafficking investigation conducted in Sullivan and Delaware Counties. In exchange for his plea, defendant was to receive concurrent prison sentences of 4 to 12 years. The agreement included a protection order prohibiting defendant from any interaction with others involved in the narcotics investigations, whether they be informants or potential defendants. Following the plea allocution, defendant was released on a $125,000 property bond, purportedly to allow him to cooperate in prosecuting other criminals and, in the event he did so, the possibility of receiving a shorter term, as well as the opportunity to put his affairs in order. When defendant twice failed to appear for sentencing, his bail was forfeited, he was indicted for bail jumping in the first degree and a bench warrant for his arrest was issued. Several months later he was arrested, operating under an assumed name. At sentencing, the People asked for concurrent sentences of 8⅓ to 25 years, arguing that defendant had breached his part of the plea bargain by failing to appear for sentencing. County Court sentenced defendant accordingly and defendant appeals.

At the outset it is noted that the issue raised on appeal, viz., conformity of the sentence to defendant's plea agreement, was put forth and ruled upon immediately following sentencing and thus is reviewable despite the absence of a formal CPL 440.10 or 440.20 motion (cf., People v Martinez, 125 AD2d 829).

On the merits, it is fundamental that a bargained-for sentence may not be exceeded simply because a defendant failed to appear for sentencing as scheduled unless his timely appearance was an explicit or implied condition of the sentencing agreement (People v Sumner, 137 AD2d 891, 892). During defendant's plea allocution the District Attorney and, even more so, County Court stressed that the slightest infraction of the protection order would free the court to impose a harsher sentence than that agreed upon. By contrast, the only penalty apparently contemplated for failure to appear at sentencing was forfeiture of the bail bond and, necessarily, any criminal prosecution that conduct generated. Since defendant did not breach any of the provisions of the sentencing agreement, County Court erred by exceeding its terms. Under the circumstances, defendant was entitled to have the court adhere to the agreement or offer him an opportunity to withdraw his guilty plea (see, People v Schultz, 73 NY2d 757). However, since defendant's plea was knowing, intelligent and voluntary, and we do not find the sentence bargained for inappropriate, there is no reason not to adhere to it.

Judgment modified, on the law and the facts, by reducing defendant's sentence to an indeterminate term of 4 to 12 years' imprisonment on each count, to be served concurrently, and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.