■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND J. AUSLANDER, Appellant.—Weiss, J. Appeals (1) by permission, from an order of the County Court of Sullivan County (Williams, J.), entered December 13, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of two counts of the crime of criminal possession of a controlled substance in the third degree, without a hearing, and (2) from two orders of said court, entered January 8, 1990 and February 1, 1990, which denied defendant's motions for reargument.

On August 13, 1987, defendant pleaded guilty to two counts of third degree criminal possession of a controlled substance (cocaine), class B felonies, pursuant to a negotiated plea and was sentenced to two concurrent prison sentences of 4 to 12 years (see, People v Auslander, 146 AD2d 936). Thereafter in a motion pursuant to CPL 440.10, defendant sought to vacate this judgment of conviction upon the basis that the People failed to fulfill the terms of the plea bargain. Defendant argued before County Court, and contends on this appeal, that the District Attorney agreed to recommend to the court a more favorable sentence in return for meaningful cooperation on his part.

The threshold issue requires a determination of the plea bargain. At defense counsel's request and with the consent of the prosecution, defendant and the court, counsel was permit-

ted to place the plea agreement on the record, stating "that it [was] necessary to dictate a complete understanding of the terms and conditions before we proceed to effectuate it". Thereafter, defendant's attorney invited immediate interruption if anything he stated was not in conformance with the agreement. With that background, counsel dictated the following relevant portion of the agreement: "Now, [the District Attorney] has made no commitment or assemblance *[sic]* of a commitment; but between the time of the plea and the time of the sentence, he would be receptive to meaningful cooperation and upon which, in his sole discretion, he may make other recommendations at some other time."

Defendant argues that his August 24, 1987 letter sent to the District Attorney entitled him to a lesser sentence. We disagree. While defendant is entitled to specific performance of a plea bargain agreement *(People v Auslander, supra)*, it is clear that the agreement in this case does not provide for a required lesser sentence. Because the crux of defendant's motion is the existence of an unfulfilled promise, the motion must fail because it is clear that no agreement was reached. Accordingly, the motion was properly denied without a hearing *(see,* CPL 440.30 [4]; *People v Crimmins,* 38 NY2d 407, 418), and it was not necessary to determine whether the subject letter, sent prior to the time defendant absconded while on bail prior to sentencing, constituted meaningful cooperation. The orders denying defendant's motions for reargument are not appealable.

Order entered December 13, 1989 affirmed.

Appeals from orders entered January 8, 1990 and February 1, 1990 dismissed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.