■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. RADEK, Appellant. [609 NYS2d 366] —Yesawich Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 13, 1992, convicting defendant

upon his plea of guilty of the crime of vehicular manslaughter in the second degree.

As a result of a fatal automobile accident, defendant, who was charged with two counts of vehicular manslaughter and two counts of driving while intoxicated, entered a plea of guilty to one count of vehicular manslaughter in the second degree, in full satisfaction of the four-count indictment. In exchange for his plea, he was promised an indeterminate sentence of 1 to 3 years' imprisonment. Immediately after accepting the plea and before the plea proceeding was concluded, County Court informed defendant that its acceptance of the agreed-upon sentence was conditioned on defendant not "becom[ing] involved in any further difficulty with the law" prior to sentencing, and that if this condition were not met the court would "feel free to impose any sentence" it deemed appropriate and would "not permit [defendant] to withdraw [his] plea". The court also advised defendant that if he failed to appear for sentencing, he would be given the harshest sentence permitted, 2⅓ to 7 years in prison. Defendant acknowledged these various conditions.

Five days before the date scheduled for sentencing, defendant was arrested and charged with aggravated unlicensed operation of a motor vehicle in the second degree. At a post-plea arrest hearing (see, People v Outley, 80 NY2d 702, 713) conducted prior to sentencing defendant on his vehicular manslaughter plea, the evidence elicited clearly established that defendant drove a motor vehicle while his license was suspended. After that hearing, at which defendant's counsel was permitted to cross-examine the arresting officer, County Court heard arguments from both attorneys and a statement by the victim's mother, and proceeded to sentence defendant to the harshest term of imprisonment. A subsequent motion by defendant to withdraw his guilty plea upon the ground that the court improperly refused to sentence him in accordance with the plea bargain was denied. Defendant now directly appeals his conviction.

The only contention requiring comment is defendant's claim that County Court erred in departing from the agreed-upon sentence because of defendant's noncompliance with a condition which had not been imposed until after his guilty plea was accepted. The argument is meritless.

Although technically County Court's statement of the two conditions it chose to impose on the plea bargain was made after defendant entered his guilty plea, the record reveals that

it was an integral part of the same proceeding and that defendant had ample opportunity to object to the requirements, or to ask to withdraw his plea, after the conditions were announced. Not having done so, he must be considered to have assented to the conditions as imposed *(see, People v Murphy,* 142 AD2d 776, 777).

Unavailing also is defendant's related argument that because County Court stated that it would impose the harshest sentence if he did not appear for sentencing, but did not specifically mention the possibility of such a sentence if the other condition was breached, it was precluded from imposing the sentence it did. The court's explicit reservation of the right to impose any sentence it regarded appropriate, should defendant be arrested prior to sentencing, obviously contemplates the imposition of any legal sentence, including the harshest, and thus distinguishes the present situation from that in *People v Auslander* (146 AD2d 936, 937), where the Court made no such pronouncement.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.