■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MOORE, Appellant. [631 NYS2d 94] —Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 18, 1994, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

In exchange for his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree, defendant was promised a sentence of 2 to 4 years in prison. However, as a result of defendant's failure to appear in court on the date scheduled for his sentencing, County Court refused to impose the agreed-upon sentence and instead imposed a sentence as a second felony offender of $3^{1}/_{2}$ to 7 years in prison. County Court further denied defendant's motion to withdraw his guilty plea. On appeal, defendant claims that County Court erred in denying his motion to withdraw his guilty plea since the court reneged on the original sentencing agreement. We disagree. At the plea hearing, County Court informed defendant that if he did not appear for sentencing "all deals are off". In view of

defendant's failure to comply with an explicit condition of the plea agreement, we find that County Court was free to impose a harsher sentence and did not abuse its discretion in denying defendant's motion to withdraw his guilty plea (*see, People v Radek*, 202 AD2d 847, *lv denied* 84 NY2d 939; *People v Webster*, 202 AD2d 710).

Mercure, J. P., Crew III, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.