■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR COOK, Also Known as LAMAR STROUD, Appellant. [654 NYS2d 871] —Mikoll, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 27, 1995, convicting defendant upon his plea of guilty of the crimes of assault in the second degree, reckless endangerment in the second degree and assault in the third degree.

Defendant pleaded guilty to all of the crimes charged in the indictment emanating from a physical altercation between him and John Regan, occurring on October 2, 1994, during which defendant commanded his pit bull dog to attack the victim, resulting in numerous bites to his legs and groin. Defendant was sentenced as a second felony offender to a term of imprisonment of $3^1/2$ to 7 years for the crime of assault in the second degree and concurrent one-year jail terms for the remaining crimes.

Defendant contends on this appeal, *inter alia*, that the plea bargain was violated, the sentence imposed was harsh and excessive and he was denied the effective assistance of counsel. While the proper remedy to challenge a violation of a plea agreement is for defendant to make a motion to vacate the judgment of conviction pursuant to CPL article 440 (*see,* CPL 440.10 [1] [b]; *cf., People v Auslander,* 169 AD2d 853), were we to consider such claim we would reject it. Defendant's on-the-record exchange with County Court negates defendant's present assertion of an off-the-record plea bargain. The court was thus free to sentence defendant to the harshest permitted term of imprisonment of $3^1/2$ to 7 years.

Defendant's claim that the sentence was harsh and excessive is likewise unavailing given his extensive criminal record and

the heinous nature of the crimes which he committed while there was a warrant out for his arrest on a probation violation (*see, People v Fish*, 235 AD2d 578; *People v Gressler*, 235 AD2d 599).

Finally, our review of the record discloses that defense counsel provided defendant with meaningful representation during the course of the proceedings and that defendant indicated to County Court that he was satisfied with his legal representation. In view of this, we reject defendant's claim of ineffective assistance of counsel (*see, People v Washington*, 233 AD2d 684, 688-689; *People v English*, 215 AD2d 871, 873, *lvs denied*, 86 NY2d 793, 87 NY2d 900). We have considered defendant's remaining arguments and find that they are either unpreserved for our review or lacking in merit.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.