■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [692 NYS2d 485] —Graffeo, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 16, 1998, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

At approximately 5:00 A.M. on September 7, 1997, defendant, his two codefendants and several of their fraternity brothers broke into a student residence in the City of Binghamton, Broome County, looking for an individual with whom they had apparently traded insults the previous night. Armed with at least one baseball bat and beer bottles, the group entered various bedrooms in the residence. Although they never came upon the individual they sought, defendant and the codefendants nonetheless were accused of assaulting students who were sleeping in the rooms they searched. One was struck in the face with a beer bottle, another was beaten on the head with a baseball bat and a third had his arm broken in two places as he attempted to ward off a blow from a baseball bat. Defendant was arrested as he fled from the scene. Subsequent DNA testing on blood stains splattered on defendant's jeans and sneakers showed that the blood came from one of the victims.

Defendant was indicted on charges of burglary in the first degree and attempted assault in the second degree. Pursuant to the terms of a plea-bargain agreement, defendant pleaded guilty to the crime of burglary in the first degree in exchange for a prison sentence of 3 to 6 years.

Defendant appeals, contending that the prosecution had offered and he had accepted a plea bargain wherein it was agreed, off the record, that in the event that defendant cooperated in the investigation and prosecution of other individuals

involved in the incident, he would be permitted to plead guilty to a lesser felony charge with a shorter term of imprisonment. Asserting that the prosecution reneged on its promise to recommend a lesser sentence, defendant claims that he fulfilled his commitment by naming several individuals involved in the incident and describing the extent of his own participation and that of his codefendants. In view of this alleged breach, defendant maintains that County Court should have either compelled the prosecution to abide by the terms of the plea bargain agreement or granted defendant permission to withdraw his guilty plea.

The prosecution argues that defendant was notified prior to his plea hearing that the offer of a lesser felony charge in exchange for information was no longer available. Instead, the plea offer, which defendant accepted and the terms of which were placed on the record, provided that in exchange for a plea to burglary in the first degree in satisfaction of the indictment, defendant would receive a term of imprisonment of 3 to 6 years, and sentencing would be adjourned to allow defendant and his counsel to "confer" further with the District Attorney's office. On or about August 4, 1998 the prosecutor advised defendant that there would be no renegotiation of the disposition since, *inter alia*, neither defendant nor his codefendants identified the individual responsible for the attack on one of the victims. Relying upon the record and the terms of the plea agreement as articulated at the time of defendant's plea, County Court denied defendant's request for a hearing and declined to allow defendant to withdraw his guilty plea. We affirm.

If such an agreement did, in fact, exist, it was incumbent upon defendant to enter such information on the record prior to or at the time of his plea (*see, People v Auslander*, 169 AD2d 853). "Absent a showing that [a] defendant's plea was baseless, the Judge to whom the motion [to withdraw a guilty plea] is addressed must be entitled to rely on the record to ascertain whether any promises, representations, implications and the like were made to the defendant" (*People v Frederick*, 45 NY2d 520, 525; *see, People v Selikoff*, 35 NY2d 227, 242, *cert denied* 419 US 1122). The transcript of the plea allocution reveals that no promise was made to defendant that he would receive a lesser sentence in exchange for meaningful cooperation. To the contrary, defendant unconditionally acknowledged during his plea allocution that no one had promised him anything other than a sentence of 3 to 6 years. Since the record of the plea agreement did not embody a future obligation by the prosecutor to recommend a lesser sentence if defendant complied with

certain conditions (see, People v Auslander, supra), County Court appropriately determined that there was no basis to grant defendant specific performance of an unfulfilled promise; hence, defendant's motion was properly denied without a hearing (see, CPL 440.30 [4]; People v Frederick, supra).

We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.