■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LOZOVSKY, Appellant. [702 NYS2d 127] —Mercure, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered October 16, 1998, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered February 3, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted for two counts of burglary in the first degree as the result of a September 7, 1997 incident in which defendant, his two codefendants and several of their fraternity brothers broke into a student residence in the City of Binghamton, Broome County. During the course of the incident, the codefendants assaulted occupants of the residence with a baseball bat and a beer bottle. Ultimately, defendant disposed of the indictment with a plea of guilty to a single count of burglary in the second degree.

Prior to sentencing, defendant submitted to questioning by the investigating police officers and the prosecutor. Then, alleging the existence of an unrecorded promise by the People that if he cooperated with the prosecution, "such cooperation would be fairly evaluated by the prosecution and would be afforded appropriate consideration in terms of permitting the withdrawal of [defendant's guilty] plea and entry of a plea to a reduced count, at a reduced sentence", defendant sought an adjournment of sentencing pending a hearing to determine the existence, nature and scope of any promises of consideration made by the prosecution as an inducement of defendant's plea and cooperation and, further, that County Court enforce any such promise in sentencing defendant. County Court denied the application and sentenced defendant to an indeterminate prison term of $2^{1}/_{4}$ to $4^{1}/_{2}$ years.

Defendant thereafter moved pursuant to CPL 440.10 to, among other things, vacate the judgment of conviction or, in the alternative, for an order granting a hearing to determine whether such judgment should be vacated as a result of duress, misrepresentation or fraud on the part of the prosecution, or improper and prejudicial conduct outside the record that would constitute reversible error if it was part of the record on appeal, or as having been obtained in violation of defendant's constitutional rights. County Court denied the motion without a hearing. Defendant now appeals the judgment of conviction and, by permission, the order denying his CPL 440.10 motion.

We affirm. Initially, we are unpersuaded by the contention that the judgment of conviction was procured by any unfulfilled promise on the part of the prosecutor. We first note that essentially the same contentions were advanced by a codefendant on a prior appeal and rejected by this Court upon the ground that, if the agreement alleged by the codefendant actually existed, it was incumbent upon him to enter such information on the record prior to or at the time of his plea (*People v Anonymous*, 262 AD2d 717, 718, *lv denied* 93 NY2d 1013). No compelling argument has been made for reaching a contrary result here. Indeed, it has long been the rule that the court is entitled to rely upon the record of the plea proceedings to ascertain whether any promises were made to induce the guilty plea (*see, People v Frederick*, 45 NY2d 520, 528; *People v Selikoff*, 35 NY2d 227, 244, *cert denied* 419 US 1122; *People v Miner*, 126 AD2d 798, 799).

We also note that, by defendant's own description, the off-the-record promise he seeks to enforce merely provided that if he cooperated with the prosecution, his cooperation would be "fairly evaluated" and compensated with "appropriate consideration" in terms of permitting withdrawal of his original guilty plea and substitution of a plea to a reduced count with a lesser sentence. In our view, such an amorphous claim of entitlement to "appropriate consideration" in exchange for an unidentified type and measure of "cooperation" to be given the prosecution is too vague and ambiguous to support a claim for specific performance (*see, People v Reyes*, 167 AD2d 920, 920-921, *lv denied* 77 NY2d 842; *see also, Varney v Ditmars*, 217 NY 223; *McGee & Gelman v Park View Equities*, 187 AD2d 1012, 1013; 96 NY Jur 2d, Specific Performance, § 18, at 297-300). Further, in view of the fact that defendant received the most lenient permissible sentence on his conviction of a class C

violent felony offense (*see*, Penal Law former § 70.02 [1] [b]; [2] [a]; [3] [b]; [4]),* we lack discretion to modify the sentence.

As a final matter, we reject the contention that defendant's plea allocution was insufficient. Although not necessary in view of the fact that defendant entered a bargained-for plea to a lesser crime than those charged in the indictment (*see*, *People v Moore*, 71 NY2d 1002, 1006; *People v Clairborne*, 29 NY2d 950, 951), the allocution established all of the elements of the crime to which defendant entered his plea (*see*, Penal Law § 140.25).

Yesawich Jr. and Mugglin, JJ., concur.

Mikoll, J. (dissenting). We respectfully dissent.

Taking issue with the majority's assertion that "essentially the same contentions" were considered and rejected by this Court upon a codefendant's earlier appeal (*see*, *People v Anonymous*, 262 AD2d 717, *lv denied* 93 NY2d 1013), we believe there are significant, operative differences between this defendant's position, and the record support therefor, and that presented on his codefendant's appeal. Moreover, there is absolutely no basis on which to assume that the prosecutor dealt with the codefendant in the same manner as with defendant herein. In this regard, we note that whereas the codefendant admittedly went to the second floor of the residence and actively participated in the assaults, defendant left the premises within minutes of entering, never went upstairs and took no part in the assaults.

Our decision in the codefendant's appeal made explicit reference to the absence of support in the record for his claim that the prosecutor breached an "off-the-record" promise with respect to his plea and/or sentence (*People v Anonymous, supra*, at 717). We found that the terms of defendant's plea offer were fully set forth in the record, and that nothing therein disclosed the existence of a promise made to the defendant (*id.*, at 718). In contrast, defendant herein, while claiming that the prosecutor's promise was made off the record, avers that it was made in chambers and his assertion is corroborated by County Court's references thereto during the plea colloquy, with which the prosecutor concurred, as follows:

"THE COURT: * * * Where we are in a nut shell is this * * *

---

* Changes to Penal Law § 70.02 (2) (a), (3) and (4) made by Laws of 1998 (ch 1, §§ 5, 7, 8) applied only to offenses committed on or after September 1, 1998 (*see*, L 1998, ch 1, § 44). Offenses (such as the present one) committed prior to that date were governed by the provisions of law in effect at the time of their commission (*see*, L 1998, ch 1, § 44).

the People have indicated to the Court that they would consent to, I've indicated to your attorney that I would consent to, a disposition of this indictment at this time as follows: If you were to plead guilty to a reduced charge, burglary—excuse me, burglary in the second degree, that would satisfy all counts— both counts of this indictment against you. Maximum sentence you would receive at time of sentencing would be two and a quarter to four and a half years state's prison. *There is a possibility you might receive less than that. We're going to adjourn sentencing to give you an opportunity to convince the People and court that you deserve something less than two and a quarter to four and a half. People consent?* [Emphasis supplied.]

"MS. PARRY: Yes, your Honor."

It is uncontroverted that subsequent to the entry of his plea, defendant participated in debriefings by the prosecutor's investigators, in which the prosecutor participated. It is also clear from the record that at the time of defendant's plea, the prosecution was fully aware of defendant's minimal involvement in the events surrounding the crimes, and the active roles of the two codefendants. Nonetheless, the prosecution held out to defendant the chance to mitigate his exposure by cooperating. To what purpose? What could the People have fairly expected from defendant at that time and under those circumstances? In what respect did defendant's subsequent cooperation fall short of the prosecutor's reasonable and fair expectations? A hearing must be held to answer these troubling questions. If defendant's plea rested in any significant degree on a promise or agreement of the prosecutor, so that it might be said to be a part of the inducement or consideration for the plea, the promise must be fulfilled (*see, Santobello v New York*, 404 US 257; *People v McConnell*, 49 NY2d 340, 346).

We would remit the matter to County Court for a hearing pursuant to CPL 440.10 before another Judge.

Cardona, P. J., concurs. Ordered that the judgment and order are affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).