■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARFIELD BARTLEY, Respondent. [748 NYS2d 18] —Order, Supreme Court, New York County (Charles Solomon, J.), entered on or about February 13, 2001, which granted defendant's motion made pursuant to CPL 330.30 (1) to set aside the verdict on the ground that defendant was afforded ineffective assistance of trial counsel, unanimously affirmed. Appeal from order, same court and Justice, entered on or about May 29, 2001, which denied the People's motion to reargue, unanimously dismissed as nonappealable.

Defendant's motion to set aside the verdict was properly granted on the ground of ineffective assistance, which, under the circumstances presented, was a "ground appearing in the record" (CPL 330.30 [1]). The People's contention that the court improperly entertained defendant's CPL 330.30 motion because it concerned matters outside the record that defendant was required to raise by way of a CPL 440.10 motion is unpreserved for appellate review. The People failed to raise this contention in response to defendant's CPL motion. Although they raised it in their papers requesting reargument, the motion to reargue was denied and thus is not appealable (*People v Auslander*, 169 AD2d 853), and arguments raised for the first time therein are unpreserved (*Shoulders v Brown*, 224 AD2d 960).

In any event, this is one of the "rare cases" where the trial record itself permits review of the ineffective assistance of counsel claim (*People v Brown*, 45 NY2d 852), and establishes "the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709) for counsel's conduct. The record supports the court's conclusion that defendant was not

afforded meaningful representation during the trial. The court, which had presided over the trial, properly found that counsel's performance contained a series of egregious deficiencies of a type that were incapable of strategic explanation. Many of the strategies employed by trial counsel were unsupportable. In particular, his failure to call defendant's dentist, after he informed the court that he intended to do so, or to otherwise elicit testimony concerning defendant's two missing front teeth cannot be rationally explained in this case where the issue of identification was strongly contested and where the victim, who engaged in a 15-minute conversation with his assailant prior to the crime's commission, never mentioned that his assailant was missing teeth when providing a description to the police. Moreover, counsel pursued a harmful strategy centered on defendant's nonexistent "Caribbean accent" and introduced a damaging police report into evidence. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.