■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM VANCISE, Appellant. [753 NYS2d 777] —Appeal from an amended judgment of Steuben County Court (Latham, J.), entered October 30, 2001, convicting defendant upon his plea of guilty of, inter alia, attempted assault in the first degree.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Contrary to the People's contention, the waiver by defendant of the right to appeal does not encompass his contention that at sentencing the People violated their promise to take no position regarding defendant's sentence. Defendant cannot be said to have waived his right to challenge on appeal "the People's [alleged] unanticipated change in position * * * at sentencing reneging on the plea agreement" (*People v Hoeltzel*, 290 AD2d 587, 588). We conclude, however, that defendant's contention is not supported by the record. If the People promised as part of the plea agreement to take no position regarding sentencing, it was incumbent upon defendant to ensure that such promise was placed on the record prior to or at the time of the plea (*see People v Lozovsky*, 267 AD2d 774, 775, *lv denied* 95 NY2d 836). Defendant further contends that the sentencing judge should have recused himself because he had presided over the trial of the codefendant. Even assuming, arguendo, that defendant's contention survives the guilty plea and is not encompassed by the waiver of the right to appeal, we conclude that it is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). The further contention of defendant concerning the severity of the sentence is encompassed by his general waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.