Rel: May 3, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

————————————————

## CR-2023-0301

————————————————

## Nicholas James Horton

### v.

## State of Alabama

## Appeal from Jefferson Circuit Court
### (CC-19-4350)

McCOOL, Judge.

Nicholas James Horton appeals the Jefferson Circuit Court's denial of his motion to withdraw his guilty plea.

On September 12, 2022, Horton pleaded guilty to first-degree robbery, see § 13A-7-5, Ala. Code 1975, in exchange for the State's

agreement to recommend a sentence of 20 years' imprisonment, which would be split for him to serve 3 years' imprisonment. At the guilty-plea hearing, the following colloquy occurred immediately after Horton entered his guilty plea:

"THE COURT: On your plea of guilty I find you guilty. At this time, I know you have asked for a turn-in date, and so I am going to allow you to actually turn in and set you down for a sentencing hearing on November 28[, 2022]. At that time, I will then sentence you.

"I will say for the record purposes, Mr. Horton, if you are back on [November 28], and that's going to be at 9 o'clock, then I have every intention and will sentence you in accordance with the plea agreement, which is a 20-year sentence split 3 years to serve, giving you credit for all jail time that you have previously served -- that you have earned. However, if you are not back on that date and I have to issue a writ and have you brought back or we have to actually have you arrested, then I will not sentence you in accordance with this plea agreement.

"And I do want you to understand that the range of punishment at this point is not less than 20 years nor more than life in the case. And so if you are not back on that date, then that entire range of punishment is at my disposal.

"THE DEFENDANT: Yes, sir, Your Honor.

"THE COURT: I'm giving you some time to wrap up some affairs.

"THE DEFENDANT: Thank you, Your Honor.

"THE COURT: And, you know, say your goodbyes for a period of time to who you need to, but I fully expect and hope to see you back on [November 28] so that I don't have to go --

"THE DEFENDANT: I'll be here.

"THE COURT: -- somewhere within that range, okay?

"THE DEFENDANT: Thank you."

(R. 7-9.)

Horton did not appear for sentencing on November 28, 2022. Instead, that same day Horton "emailed the [circuit] court, indicating that some of his out-of-state family members were in town"; "advised the court that he would not be … present at the sentencing hearing"; and "requested an additional two days to turn in and be sentenced." (C. 44.) The circuit court did not respond to Horton's email and instead issued a warrant for his arrest. The circuit court did, however, "give Horton's attorney until November 29 to … contact Horton and get him [to court] without penalty or punishment," but Horton also did not appear in court on that date or voluntarily appear in court on any subsequent date. (R. 12.) Horton was arrested on January 20, 2023.

On February 23, 2023, the circuit court held a sentencing hearing, at which Horton's counsel asked the court to sentence Horton in

accordance with the parties' written plea agreement, i.e., 20 years' imprisonment with the sentence split for Horton to serve 3 years' imprisonment. However, because Horton had not appeared for sentencing on November 28, 2022, the circuit court refused to impose that sentence and instead sentenced him to a straight sentence of 25 years' imprisonment.

Following the sentencing hearing, Horton filed a written motion to withdraw his guilty plea, arguing that his failure to appear for sentencing on November 28, 2022, did not authorize the circuit court to "sentence him outside the negotiated 20-year sentence split 3 to serve." (C. 67.) The circuit court denied that motion, and Horton filed a timely notice of appeal, arguing that the court should have granted his motion to withdraw his guilty plea because, he says, the court "sentenced him outside of the range in the plea agreement due to his failure to appear at sentencing." (Henderson's brief, p. 2.)

This case is controlled by State v. Holman, 486 So. 2d 500 (Ala. 1986). In that case, Robert Holman and the State entered into a plea agreement providing that the State would recommend a sentence of 15 years' imprisonment in exchange for Holman's guilty plea. At the guilty-

plea hearing, the circuit court "agreed to defer … sentencing … so that Holman might … get his affairs in order before going to prison." Id. at 501. The circuit court noted, though, that "it was imposing some additional conditions upon the sentencing agreement," including that Holman "appear … for sentencing," id., and the court informed Holman that, if he did not appear for sentencing, then "[t]he [15-year sentence] w[ould] be off and [the court] could give [him] up to life." Id. at 502. Holman did not appear for the sentencing hearing, and, when he was ultimately sentenced following his arrest, the circuit court sentenced him to life imprisonment. Holman subsequently moved to withdraw his guilty plea, and the circuit court denied that motion.

In holding that the circuit court did not err by denying Holman's motion to withdraw his guilty plea, the Alabama Supreme Court stated:

> "Although it is undisputed that an agreement was reached between Holman's counsel and the prosecutor, which provided for a recommendation of a sentence of 15 years in exchange for a guilty plea, it is apparent from … the record that Holman's guilty plea was made without objection to, and with full knowledge of, the added conditions set out by the trial judge. ….
>
> "….
>
> "In the present case, … the plea agreement, as amended by the trial judge, specifically contemplated the defendant's

further violations; therefore, the trial judge sentenced Holman <u>pursuant to the agreement</u>. ....

"....

" ... [I]n <u>English v. State</u>, [56 Ala. App. 704, 325 So. 2d 211 (Ala. Crim. App. 1975)], the court held that 'if the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused, the accused must be afforded the opportunity to withdraw his guilty plea on motion promptly made.' 56 Ala. App. at 708, 325 So. 2d at 215. That case is distinguishable because the trial judge, in the present case, did not refuse to carry out the amended plea agreement. To the contrary, he sentenced Holman pursuant to it.

"The purpose of the rule allowing a defendant to withdraw a guilty plea when the trial judge refuses to carry out an agreement reached between the prosecutor (or the trial judge) and defense counsel is to insure that such a plea is made voluntarily, which necessarily requires that it be made with full knowledge of the attendant consequences.

"We hold, under the facts in this case, that the trial judge did not abuse his discretion in denying Holman's motion to withdraw his guilty plea. To hold otherwise would enable the defendant either to demand a lesser sentence that had been predicated upon a condition he failed to meet, or to withdraw a plea knowingly and voluntarily entered. This would set a dangerous precedent."

<u>Holman</u>, 486 So. 2d at 503-04 (first emphasis added). Thus, as this Court

observed in <u>Taylor v. State</u>, 677 So. 2d 1284, 1285 (Ala. Crim. App. 1996),

"the <u>Holman</u> court held that when that appellant failed to appear at the

sentencing hearing, he was sentenced to life <u>in accordance with the plea</u>

6

agreement, <u>as amended by the condition added by the trial court</u>." (Emphasis added.) <u>See also</u> <u>Hydrick v. State</u>, 337 So. 3d 1211, 1215 (Ala. Crim. App. 2021) (noting that, "under <u>Holman</u>, a circuit court may add conditions to a plea agreement and it may reject a plea agreement if a defendant violates those additional conditions").

In this case, the circuit court expressly informed Horton at the guilty-plea hearing that it would impose the sentence recommended by the State only if he appeared for sentencing on November 28, 2022; otherwise, the court explained, the "entire [statutory] range of punishment [was] at [the court's] disposal."[1] In other words, just as the circuit court did in <u>Holman</u>, the circuit court amended the plea agreement at the guilty-plea hearing, and Horton acknowledged the sentencing condition imposed by the court and agreed to be bound by it. Thus, when the circuit court sentenced Horton to 25 years' imprisonment because he had failed to appear for sentencing on November 28, 2022, the court did not deviate from the plea agreement; instead, the court

---

[1]Horton does not argue on appeal that he did not understand the sentencing range that could be imposed for his first-degree robbery conviction.

sentenced Horton "in accordance with the plea agreement, as amended by the condition added by the [circuit] court." Taylor, 677 So. 2d at 1285.

Horton acknowledges that Holman authorized the circuit court to orally amend the plea agreement, but he argues that his case is factually distinguishable from Holman. In support of that argument, Horton notes that the circuit court imposed the sentencing conditioning immediately after it accepted his guilty plea, whereas in Holman the court imposed the sentencing condition immediately before accepting Holman's guilty plea. An appellate division of the New York Supreme Court addressed this same situation in People v. Radek, 202 A.D.2d 847, 609 N.Y.S.2d 366 (1994).

In Radek, the defendant entered a guilty plea, and, immediately after the trial court accepted the plea, it informed the defendant that it would not impose the State's recommended sentence unless he complied with certain conditions, including "not 'becom[ing] involved with any further difficulty with the law' prior to sentencing." Id. at 848. The defendant acknowledged the trial court's conditions but was nevertheless arrested five days before his sentencing hearing, and, as a result, the trial court sentenced him to the harshest sentence allowed by law. The

defendant then moved to withdraw his guilty plea, arguing that the trial court had not "sentence[d] him in accordance with the plea bargain," and the court denied that motion. Id. On appeal, the Radek Court stated:

> "The only contention requiring comment is defendant's claim that [the trial court] erred in departing from the agreed-upon sentence because of defendant's noncompliance with a condition which had not been imposed until after his guilty plea was accepted. The argument is meritless.
>
> "Although technically [the trial court's] statement of the two conditions it chose to impose on the plea bargain was made after defendant entered his guilty plea, the record reveals that it was an integral part of the same proceeding and that defendant had ample opportunity to object to the requirements, or to ask to withdraw his plea, after the conditions were announced. Not having done so, he must be considered to have assented to the conditions as imposed."

Id. at 848-49, 367-68.

We agree with the Radek Court. It is true that the circuit court did not impose Horton's sentencing condition until after it accepted his guilty plea, and perhaps our decision would be different if Horton had expressed some dissatisfaction with the sentencing condition, had moved to withdraw the guilty plea he had just entered, and had not been allowed to do so, or if the court had imposed the sentencing condition at some point after the guilty-plea hearing. But that is not what occurred. Instead, the circuit court imposed the sentencing condition immediately

9

after accepting Horton's guilty plea, and Horton indicated that he was satisfied with the condition and would comply with it as part of his guilty plea. Thus, it is clear that the sentencing condition "was an integral part of the same proceeding," i.e., the guilty-plea hearing, and that Horton "assented to the conditions as imposed." Radek, 202 A.D.2d at 849. Accordingly, there is no manifest injustice in holding Horton to the sentencing condition that he willingly accepted in conjunction with his guilty plea and then willfully chose to ignore. See Rule 14.4(e), Ala. R. Crim. P. (providing that a court "shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice"). See also Saulter v. State, 334 So. 3d 526, 529 (Ala. Crim. App. 2020) (noting that a circuit court may condition a defendant's sentence for a guilty-plea conviction upon the defendant's appearance at the sentencing hearing, provided that the condition is "expressly included in the written plea agreement or stated in open court" at the guilty-plea hearing).

"[W]hether to allow a defendant to withdraw his guilty plea rests within the sound discretion of the [circuit] court, and this Court will not overrule that decision on appeal absent an abuse of discretion." Waters v. State, 155 So. 3d 311, 317 (Ala. Crim. App. 2013) (citations omitted).

10

Based on the foregoing, we cannot say that the circuit court abused its discretion by refusing to allow Horton to withdraw his guilty plea. Thus, judgment of the circuit court is affirmed.

AFFIRMED.

Windom, P.J., and Kellum and Cole, JJ., concur. Minor, J., concurs specially, with opinion.

MINOR, Judge, concurring specially.

I concur fully in the Court's decision. I write separately to commend the circuit court's conditioning its acceptance of the guilty-plea agreement on the defendant's presence at sentencing. Circuit court judges take note: When you accept a guilty plea, do what this court did.

I also write separately to recommend that "[t]he guilty-plea forms included as an appendix to the Alabama Rules of Criminal Procedure … be revised to expressly state that the defendant's presence at sentencing is a condition of any plea agreement. See Rule 36, Ala. R. Crim. P." Saulter v. State, 334 So. 3d 526, 529 n.6 (Ala. Crim. App. 2020). As this Court stated in Saulter, it would seem reasonable for a court to assume "that the defendant's presence at sentencing is an implied condition of every plea agreement. Indeed, other jurisdictions have adopted that position." Id. at 528 (citing cases). Despite that common-sense assumption, the law in Alabama is otherwise. See, e.g., Taylor v. State, 677 So. 2d 1284 (Ala. Crim. App. 1996). It is high time for that to change. Judges need not waste more time stating the obvious. If a defendant agrees to plead guilty, he or she should do so with the express understanding that not showing up for sentencing means the deal is off.